## NANNIE E. DAVIS *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY ET AL.

*Motion to Dissolve Injunction—Answers—Dismissing Bill—Nuisance— Railway Siding in Front of Plaintiff's Property.*

When a motion to dissolve a preliminary injunction is granted upon hearing, the bill will be dismissed, and not retained for further proceedings, if it appear that the injunction is not ancillary but the principal relief asked for, and that there is no ground for issuing the same upon the merits of the case.

A railway switch or siding in front of one's property is not a nuisance *per se*, although it may become such from the mode of its construction or location or the manner of its use.

An injunction to restrain the construction of a railway switch or siding alongside of a county road and passing in front of plaintiff's property abutting on said road, was asked for on a bill alleging that the smoke, noise and danger arising from the operation of engines and cars on the siding will constitute a nuisance to the plaintiff, and to the public, by frightening horses, and depreciating the value of plaintiff's property. There was no allegation as to whether the use of the siding would be frequent or otherwise, or as to how the smoke and noise would depreciate the value of plaintiff's property, or seriously interfere with its enjoyment, and the proximity of the railway to the county road was not alleged to be a greater source of danger to plaintiff than to the public generally. *Held*, that the allegations of the bill are too indefinite to authorize the granting of a preliminary injunction.

*Held,* further, that since the testimony upon which the motion to dissolve the preliminary injunction was heard was as vague as the allegations of the bill, there being no evidence to show any diminution, present or prospective, in the value of the plaintiff's property, nor as to how the smoke and noise will affect it, nor as to any danger to plaintiff from the operation of the road different from that of the public, and there being no actual obstruction of the county road, it was proper to dismiss the bill and not retain it for further proceedings.

The rule that to authorize a motion to dissolve an injunction all of the defendants must have answered under oath has certain recognized exceptions. When one of the defendants, although a proper, is not a necessary party, and his answer would not be essential in regard to the facts on which the right to the injunction is founded, a motion to dissolve will be heard although his answer be not filed.

Upon a bill against a railroad company and other parties to restrain the construction of a siding by these other parties under an agreement with the railroad company, the company is a proper but not a necessary party to the proceedings.

Appeal from the Circuit Court for Prince George's County (MERRICK, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES, and BURKE, JJ.

*Clayton E. Emig,* for the appellant.

*Marion Duckett* and *Robert Wells,* for the appellees.

JONES, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Prince George's County dissolving an injunction which had been granted in the cause, and dismissing the bill of complaint upon which the suit had been instituted. The bill alleges that the plaintiff is the owner of a tract of land at or near Contee Station on the main line of the Baltimore and Ohio Railroad Company upon which she has expended more than the sum of twenty thousand dollars "for improvements upon the dwelling erected on said premises, and was about to erect yet larger improvements thereon all of which enures to the benefit of said county and the taxes collectible therefrom," "that she is the

owner of valuable horses which she uses daily on said prem-
ises and on the county road bordering on said premises, and
that she has no exit to drive from said premises other than
by said county road; that the defendants (appellees here)
Charles Hillers and Albert Taylor, are the reputed owners of
a tract of land adjoining the said premises along the centre of
the said county road, running northerly from the intersection
of said railroad." Then after alleging that the plaintiff "is in-
formed and believes" that the Baltimore and Ohio Railroad
Company "is about to construct for the use and benefit of said
Charles Hillers and Albert Taylor a railroad track or siding
intersecting with the Baltimore and Ohio Railroad track ex-
tending northerly immediately along the county road, and
along the premises" of the plaintiff (appellant here) "for the
purpose of operating steam cars" thereon, the bill charges
"that the construction, use and operation of said railroad track
or siding, will greatly depreciate the value of her property, as
a resident, by reason of the noise and danger incident to the
operation of said steam cars and locomotives passing imme-
diately in front of her residence; that the use aforesaid will im-
peril the life of "the plaintiff" and other members of her family
while lawfully engaged in driving upon said county road; that
the smoke, noise and dust arising from the use of locomotives
on said railroad in transporting sand and other materials from
and to its terminus will constitute a nuisance to "the plaintiff"
individually as well as to the public using said county road
and inflict an irreparable injury; that the construction, use and
operation of said siding and said steam cars constitute a public
as well a private nuisance in frightening horses belonging to
users of said county road; that the said siding has been graded
by the defendants Hillers and Taylor "under a contract with
the Baltimore and Ohio Railroad which agrees to lay the ties
and tracks upon said road-bed;" that "all of said grading is
now ready" for the laying of the tracks upon said road-bed;
"that the use and operation of said steam cars on said siding will
greatly endanger the use of said county road by those who
reside in the immediate vicinity and the public at large; that

it will tend to inflict injury by continuously frightening horses and decrease the travel of said county road, and greatly depreciate the value" of the plaintiff's "property and premises."

Upon these allegations the bill prayed that the defendants therein named be enjoined from constructing the railroad or siding of which complaint was made and from laying tracks on the road-bed graded as set out in the bill "adjoining the county road or elsewhere in the near vicinity of said county road or the property" of the plaintiff (appellant); and "from operating or in any manner constructing said railroad or siding along said county road or the premises" of the plaintiff. A preliminary injunction was granted upon the filing of the bill. The defendants filed their answers—the Baltimore and Ohio Railroad Company its separate answer, and Charles Hillers and Albert Taylor their joint answer (in which the Contee Sand and Gravel Company united and asked to be allowed to intervene in the suit)—and accompanied their answers with a motion to dissolve the injunction. A hearing of this motion upon the bill, answers and testimony resulted in the decree dissolving the injunction and dismissing the bill from which this appeal was taken.

The appellant contends that the injunction should have been continued; and further insists that, whether the injunction was continued or not, the bill should not have been dismissed at that stage of the proceedings. In this case no other relief was sought by the bill than the injunction to restrain the defendants from the acts complained of; and no other relief, under the general prayer for relief, could have been granted consistently with that specifically prayed for. It is now well settled in our practice that "where the injunction asked for is not ancillary but the primary and principal relief prayed for, there is no reason for retaining the bill, if upon hearing, upon bill and answer, or bill, answer and depositions, it appears to the Court, there is no ground for issuing or granting the injunction upon the merits." *Kelly, Piet & Co.* v. *Baltimore,* 53 Md. 134.

Upon the case presented to the Court below we are of opin-

ion that the injunction which had been granted therein ought to have been dissolved; and that it was proper to dismiss the bill. That Court in its opinion, filed with the decree, said the injunction had been improvidently granted; and with this we agree. The allegations of the bill were altogether too general and indefinite to authorize the granting of the injunction. The suit of the appellant was designed to restrain what was charged in the bill to be a threatened nuisance. In *Adams* v. *Michael,* 38 Md. 123, this Court said, through JUDGE ALVEY: "To justify an injunction to restrain an existing or threatened nuisance to a dwelling-house, the injury must be shown to be of such a character as to diminish materially the value of the property as a dwelling, and seriously interfere with the ordinary comfort and enjoyment of it. Unless such a case is presented a Court of Chancery does not interfere. It must appear to be a case of real injury, and where a Court of law would award substantial damages." The principle applied in the case referred to is clearly applicable here where the gravamen of the bill is that the acts of the defendants complained of will interfere with the use and enjoyment of the premises occupied and owned by the appellant; and will greatly depreciate the value thereof. The bill in the case just referred to was brought to restrain the erection of a factory designed for a use which it was charged would be a nuisance to the plaintiffs in that it would destroy the comfort and enjoyment of their property and result in irreparable and continuing injury thereto and to the value thereof. The Court further said, after referring to the allegations of the bill as being very strong as to what would be the consequences to result from the erection of the factory, "it is not enough for the parties complaining simply to allege that particular consequences will follow the erection of the factory; that may be their opinion or apprehension; but facts must be stated so that the Court can see and determine whether the allegation is well founded." The Court then points out the defects in the bill there under review and the same defects are manifest in the bill in the case at bar.

The proximity of the railroad, the alleged nuisance in this case, to the dwelling and improvements referred to in the bill is not shown; nor does it appear in what way the value of these can be, or will be affected, by its construction or the comfort and enjoyment of them will be interfered with. There is nothing but the broad assertion that the results mentioned will follow its construction.    There is no allegation of whether the use of the railroad will be frequent or otherwise; nor what smoke and noise it is likely to occasion in its use nor in what way such smoke and noise will operate injuriously upon the value of the appellant's property or seriously diminish or interfere with the comfort and enjoyment of its use.  The nearest approach to determining the character of the railroad as a nuisance when it shall be constructed and put into operation is its alleged proximity to the public road mentioned in the bill.    If this circumstance makes it a nuisance at all it is or will become a public nuisance from which the appellant must suffer some peculiar and special injury different in kind from that which will be occasioned to the general public to entitle her to maintain a private action.    *Houck* v. *Wachter*, 34 Md. 265; *Schall* v. *Nusbaum*, 56 Md. 512; *Garitee* v. *Baltimore*, 53 Md. 422; *Crook* v. *Pitcher*, 61 Md. 510.

The bill alleges the appellant has no exit to drive from her premises other than over the county road the use of which will be interfered with and endangered by the construction of the railroad in question.    Be this as it may there is no actual obstruction of this county road.    It is not pretended it cannot be used at all ; but only that the safety and comfort of using it will be impaired ; and in the use of it the appellant will encounter the same inconvenience in kind that will be suffered by others of the general public having occasion to use it.    A railroad switch or siding is not a nuisance *per se*.  It can only become such by circumstances connected with its construction or location ; or the manner of its use after being constructed. It comes therefore within the "general rule that where the thing complained of is not a nuisance *per se* but may become so according to circumstances, and the injury apprehended is

eventual or contingent equity will not interfere. The presumption is that a person entering into a legitimate business will conduct it in a proper way so that it will not constitute a nuisance," 14 *Encyc. of Plead. and Prac.*, 1128–1129. Accordingly to have entitled the appellant here to the preliminary injunction to restrain what was alleged to be a threatened nuisance the bill in its allegations should have set out the facts and circumstances, if any existed, which, when supported by proof, would constitute substantial grounds for the charges in the bill of a threatened nuisance.

The appellant filed exceptions to the answers of the appellee in the Court below which that Court could properly have heard and considered at the time of hearing the motion to dissolve the injunction. *Alex. Ch. Prac.*, 87; *Keigler et al.*, v. *Savage Manfg. Co.*, 12 Md. 383. It does not appear from the record that these exceptions were there noticed. It was urged as grounds for the exceptions that the answers of the Baltimore and Ohio Railroad Company and Charles Hillers were not accompanied with affidavits and therefore could not be considered; that the answers were not responsive to the bill; and that they were evasive and insufficient. We do not find that the answers are obnoxious to the objections of not being responsive to the bill and of being vague and insufficient. They in terms deny that the appellant would be interferred with in the use of her property and premises by the proposed switch or siding; explain how the said switch or siding is to be constructed and operated and the objects of its construction. They are responsive to the allegations of the bill and contain a sufficient denial of the equity it attempts to set up.

In respect to the want of affidavits to the answers there is no doubt that as a general rule to authorize the dissolution of an injunction when the same is heard upon a motion to dissolve that all of the defendants must have answered the bill; and to authorize effect to be given to the answers of the defendants the same must be under oath. There are however well-recognized exceptions to the rule requiring the answers of all who may have been made parties defendant to be filed

before entertaining the motion to dissolve.    In *Heck* v. *Vollmer et al.*, 29 Md. 507, it was held that this rule was "subject to discretion and modification, according to the circumstances of the case ; as where those answering as mere formal parties, or are infants or non-residents, and whose answers cannot be material in regard to the facts on which the injunction is founded ; there the answers of such parties will not be required as a pre-requisite to hearing the motion."

Now in this case, though it was not improper to make the Baltimore and Ohio Railroad Company a party to the appellant's bill, such company was not an indispensable party.  The object of the suit could have been accomplished by a proceeding against the other parties without making that corporation a party defendant.    The party having the substantial interest involved and the party most responsible for the acts complained of in appellant's bill was the Contee Sand and Gravel Company acting through its agents and employees Taylor and Hillers.    Taylor was its president and the directing agency in the matter of the construction of the switch or siding in question.    He was the one most familiar with all the facts. He swore to the answer filed by himself and Hillers, and in so doing virtually made oath to the facts stated in the answer of the Baltimore and Ohio Railroad Company which in substance and effect was identical with that to which his affidavit was appended.    It was requisite, if an affidavit was to be appended to the answer of the railroad company, that some one should make the affidavit on its behalf ; and no one could have done this with better knowledge of the truth of the facts and averments it set out and contained than Taylor who swore to the practically identical answer of himself and Hillers.    We think under the circumstances of this case the answers of Hillers and the railroad company may well be brought within the exceptions to the rule, invoked against their being allowed effect, which have been recognized in practice as we have seen.

Coming now to the consideration of the testimony upon which the motion to dissolve was heard this was equally as vague and indefinite as the allegations of the appellant's bill.

There is no testimony at all showing any diminution in value, present or prospective, of appellant's property. There is none as to how the noise and smoke will or can affect the appellant in the enjoyment of her property. None to show the probable quantity of such noise and smoke or what inconvenience is to be occasioned by it. As to the danger to result from the operation of the switch or siding in question there is no evidence except the expression of opinion, in a general way, by two of the witnesses that there will be danger at certain points on the public road likely to be encountered by persons using the road—a danger or inconvenience, if it results as indicated, not peculiar to the appellant but which will be suffered by the public generally. There is testimony going to show some flooding upon one occasion of the lands of the appellant by reason of obstruction to the flow of the water by the partly constructed switch. This consequence of the acts complained of was not alluded to in appellant's bill; and is not shown to be a continuing or recurring condition nor anything more than an exceptional and extraordinary occurrence readily susceptible of being compensated for in damages in an action at law if actionable injury was suffered therefrom. Upon the whole case we find the injunction was properly dissolved and that there was no reason shown for retaining the bill and the decree in the case will be affirmed with costs.

*Decree affirmed with costs to the appellees.*

(Decided December 7th, 1905.)