### ·JOHN W. EVANS et al. ·
### *vs.*
## THE MAYOR AND COUNCIL OF CRISFIELD, IN SOMERSET COUNTY.

*Pleading and practice in equity*: *hearing on bill and answer;
replication not considered; equity of bill denied by answer.
Injunction*: *motion to dissolve; when bill may
be retained.*

In a bill of complaint it was alleged that in proceedings to condemn property and widen certain streets of Crisfield the examiners, in their report showing the proposed estimates for damages and assessments for benefits to the property affected, either did not include that of the complainants until too late for the time of appeal from such finding, or if they did include the property of the complainants in time, it was so inadequately and improperly placed in the report that the complainants and their attorneys were unable to find it; and because of such misfeasance, neglect and fraud, it was alleged that the complainants suffered great loss and injury and were unable to take their appeal under the law, and therefore an injunction was prayed for, together with a prayer for general relief: *Held,* that as the hearing was upon bill and answer, and as the answer denied the charge of fraud, and the exhibits filed with the bill completely answered and refuted the allegation that the property of the petitioners had been improperly or inadequately set out in the report referred to, there was no equity in the bill.

p. 187

When a plaintiff has his case set down for final hearing on bill and answer, he admits all the matters stated in the answer that are susceptible of proof by legitimate evidence.     p. 187

In such a case, even though a replication has been filed, it is not to be considered; and the better procedure is to ask leave of the Court to withdraw the replication.     p. 189

In condemnation proceedings, although the damages allowed may be inadequate, yet if the parties had their day in Court,

with an opportunity to right the wrong done them, and through their neglect forfeited their right, it is not considered a taking of property without due process of law, and presents no ground for equitable interposition.                                           p. 188

Where an injunction is merely ancillary to the relief prayed, and a motion to dissolve is granted, the plaintiff is entitled to have the bill retained, so as to proceed to a final hearing of the case.                                                     p. 189

But where the injunction asked for is not ancillary, but is primary and the principal relief prayed, there is no reason for retaining the bill, if on final hearing upon bill and answer, or bill, answers and depositions, it appears to the Court that there is no ground for granting an injunction upon the merits; and in such a case the bill should be dismissed.                          p. 189

*Decided January 13th, 1914.*

Appeal from the Circuit Court for Somerset County (In Equity), (STANFORD, J.).

The facts are stated in the opinion of the Court.

Submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Thomas S. Hodson,* filed a brief for the appellants.

*Clarence P. Lankford,* filed a brief for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

The appellants filed a bill, asking for an injunction, to restrain the appellee from doing certain work, incident to the widening of one of the streets of the town of Crisfield.

The bill alleged that the appellee had commissioned examiners to widen and condemn one of the streets of said town, seven feet on one side thereof, and to value and assess the damage to be suffered by any person interested in the properties so taken by the widening, and to estimate the benefits that might accrue; and that, after due notice, the appellee met for the purpose of taking final action upon the report of said examiners; and that the appellants then and there, in person or by attorney appeared, and objected to the amount

of damages and benefits awarded then, believing they were mentioned in said report, and presented claims for damages in a larger amount than they have since learned was awarded then, but that, notwithstanding the objections, the report was ratified.

That, within the time limited by law for an appeal, the appellants instructed their attorney to take an appeal from said ratification, to the Circuit Court; and that an appeal was taken by the same attorney for a number of other persons interested in the condemnation, but that he failed to take the appeal for these appellants, and alleges as a reason therefor, that although they and their attorney searched diligently in the report of the said examiners for the names of these appellants, "in connection with any loss or damages incurred by, or benefits accrued to them by said widening," they were unable to find any mention of them in that connection. That, after the time for taking an appeal had expired, the appellants were informed that their names were in said report, in connection with damages and benefits, and that, upon inspection, they have seen their names, with damages and benefits written on the back of one of the sheets of the examiners' report, although the other sheets of said report are written upon the face only. They further allege that that part of the report "was either not included at all in said examiners' report, or was written on the back of said sheet, as it is now, at the time of taking said appeal for the other persons aggrieved, but that if it was so included and written at that time, which the plaintiffs do not believe, it was so improperly and inadequately placed there that the plaintiffs and their attorney were unable to find it, and were entirely deceived thereby and for that reason failed to appeal in time." That they are greatly aggrieved by the grossly inadequate award of loss and damage and "were prevented from appealing by the fraud or negligence or misfeasance of the examiners in failing to include their names properly in the report." With the bill, there was filed, as an exhibit, a copy of the report of the examiners.

In the answer filed, the appellee denies that the part of the report, dealing with damages and benefits to the appellants, was not included in the report at the time it was made to it, and that the appellants were prevented from appealing by the fraud, negligence or misfeasance of the examiners, in failing to include the names of the appellants properly in the report.

The replication was filed, but thereafter, by agreement, the application for an injunction was set down for hearing on bill and answer. Upon which the Court passed a decree denying the injunction and dismissing the bill.

There are two questions to determine. Should the injunction have been denied? If so, should the bill have been retained?

The appellants claim they are entitled to an injunction because of fraud practised upon them. The fraud charged is, that either the appellee, after the report was made to them by the examiners, and after an inspection of said report by the appellants and their attorney, had written the names of the appellants in said report, so far as benefits and damages were concerned; or that the examiners had written the names, damages and benefits at an improper place, for the purpose of defrauding them out of their right of appeal. As to the first charge, the defendant denies this in its answer, and as this is a hearing on bill and answer, it will necessarily have to be conceded that the truth of the answer is admitted. No rule in equity pleading is better established than, when a plaintiff has his cause set down for final hearing on bill and answer, he admits all matters stated in the answer susceptible of proof by legitimate proof. *Miller's Equity,* sec. 255, and cases cited in notes.

We are of the opinion that the exhibit filed with the bill is a complete answer to the second charge. It is attempted in the record to make clear this exhibit. It there appears, that on the face of the sheet of the report dealing with the damages and benefits, the names of thirty property owners are written, and in separate columns, opposite each name, are marked the amounts of damages and benefits allowed and as-

sessed to each.   The names and figures fill the entire page and
at the bottom is written, the word "over."   On the back page
of the same sheet, appear seventeen names, set out with dam-
ages and benefits precisely as for the thirty, and occupying
over one-half of the page.   Among the seventeen names, ap-
pear these seven appellants.   The learned Court below, upon
an examination of a copy of the report, expressed the opinion
that it experienced little or no difficulty, in discovering these
names, and deemed the failure of the appellants to do so to
be their own and their solicitors' negligence.   We entirely
agree with this view, especially, when it appears from an-
other portion of the same exhibit, as a part of the same
report, that the names of these appellants were written there-
in in connection with the amount of square feet of land con-
demned, and as to which there is no allegation by the appel-
lants that they did not see the names so written, or that they
were improperly written.   And when we add to this, that
these appellants appeared at the meeting, protesting against
the ratification of the report, and filing claims larger than
were allowed them, it is very clear that the second charge
cannot have much weight.   To pronounce this fraud by the
examiners, rather than negligence upon the part of the appel-
lants, would have the effect of allowing them to come into a
Court of Equity and adjust their grievances, when, through
their own neglect they failed to avail themselves of their right
of appeal on the law side.   We are of the opinion that the
facts relied upon, do not entitle them to any relief.

The contention is made, that, because the damages were so
inadequate, it amounts to the taking of property without due
process of law.   Even assuming that the damages are inade-
quate, that does not make it the taking of property without
due process of law.   They had their day with an opportunity
to right any wrong done them, and through neglect, forfeited
it.

Should the bill have been dismissed?   The prayer was for
an injunction.   It is true there was the usual prayer for
general relief, but the only relief that was possible, upon the

allegations, was that to restrain the appellee from prosecuting the work of widening the street.  In *Miller's Equity,* section 594, the rule is thus stated: "Where the injunction is merely ancillary to the relief prayed, and a motion to dissolve is granted, the plaintiff is entitled to have the bill retained, so as to proceed to a final hearing of the cause.  But where the injunction asked for is not ancillary, but the primary and principal relief prayed, there is no reason for retaining the bill, if upon final hearing upon bill and answer, or bill, answer and depositions, it appears to the Court that there is no ground for issuing or granting the injunction upon the merits."  In *Kelly* v. *Baltimore,* 53 Md. 134, the Court said: "The question at the hearing was not, should an injunction be dissolved, but should one be granted, and there being, in no aspect of the case, ground for other and further relief, the Court below was warranted in dismissing the bill." This doctrine has been followed as recently as *Davis* v. *B. & O. R. R. Co.,* 102 Md. 371, and must be regarded as firmly established.  As we have above said, we do not think the injunction should have been granted, therefore, as that was the only specific relief prayed, we are of the opinion that the lower Court properly dismissed the bill.

There is some contention made that, as the replication had been filed, this changed the aspect of the hearing.  There is no force in this contention.  The plaintiffs were the only parties who could have set down the cause for hearing on bill and answer.  When the plaintiff so agrees, he admits the truth of everything set forth in the answer, so far as it is pertinent and applicable to the case set forth in the bill.  If, as in this case, a replication is filed and later the plaintiff sets the case down for hearing on bill and answer, the replication is treated the same as if never filed.  *McKim* v. *Odom,* 3 Bl. 407; *Warren* v. *Twilley,* 10 Md. 39.  The better practice, however, would be, if a party wishes to set the cause for hearing on bill and answer, after the replication has been filed, to first obtain leave of Court to withdraw it.

The decree appealed from will therefore be affirmed.

*Decree affirmed, with costs to the appellee.*