No. 23,970.

JOHN W. JULIAN, *Appellant,* v. THE GOLDEN RULE OIL COMPANY, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. CITIES—*No Power to Prohibit Construction of Filling Stations in Restricted Residence Districts.* Express legislative authority is necessary to give cities the power to create zones or restricted residence districts within a city whereby owners of lands therein shall be prohibited from constructing business houses in which to carry on legitimate lines of business.

2. SAME. An ordinance passed without such authority, which provides that it shall be unlawful to erect a filling station within 100 feet of a residence to be used in furnishing customers gasoline and oil for motor vehicles without the consent of the city commissioners is an arbitrary and unreasonable exercise of municipal authority and is void.

3. SAME—*Filling Station Not a Nuisance Per Se.* The maintenance of a filling station in the location described herein cannot be regarded as a nuisance *per se* or a wrongful use of private property which the court may enjoin.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed February 10, 1923. Affirmed.

*L. H. Finney, W. W. Schwinn, E. J. Taggart,* and *John Bradley,* all of Wellington, for the appellant.

*Ed. T. Hackney,* of Wellington, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to enjoin the erection of a filling station in the city of Wellington, designed to supply customers with gasoline and oil for use in automobiles. A temporary injunction issued was dissolved by the court, and plaintiff appeals.

He alleged that he owns and occupies lots adjoining the proposed filling station as a home and also for the maintenance of a restaurant. He stated that the purpose of defendant is to install a plant for the sale and delivery of gasoline and other inflammable oils which endanger plaintiff's residence and render it unfit for a home. He further alleged that the city of Wellington had passed an ordinance in 1919 which provides that it shall be unlawful to erect a filling station within 100 feet of any residence in the city without the consent of the city commissioners, and that anyone erecting or attempting to erect one in violation of the ordinance should be guilty of a misdemeanor and fined in a sum not exceeding $100.

It is conceded that the defendants had not complied with the conditions of the ordinance, and further, that there had been no enforcement of it by the city. Plaintiff's property extends to within 60 feet of the railroad tracks and within 150 feet of the main line of the railroad. It is within a block of the railroad station, and across the street from the property there is a filling station. In the immediate vicinity there is a mill and elevator, an ice plant, carpenter shop, merchants delivery barn, furniture repair shop, etc.

The questions discussed are whether the ordinance is valid, that is, whether the city may pass a zoning ordinance without legislative authority, and second, whether it is so arbitrary and unreasonable in its terms as to be invalid. So far as its being a nuisance which might be enjoined, there is testimony to the effect, from the in-

spection bureau, that the operation of a filling station will not increase the fire insurance rate on adjoining buildings more than would a grocery store, a garage or a dry-cleaning plant. The state fire marshal testified that he was acquainted with the situation and plans of the proposed station, by which tanks were to be buried under the ground, that he approved the methods and regarded such an installation to be safe and would not increase the fire risk or the life ·risk on adjoining property more than a building used for ordinary mercantile pursuits. One witness, who resided for two years within 60 feet of a filling station which does a large business, stated that it caused her no more annoyance than any ordinary business conducted within that distance from her home.

The ordinance prohibiting the use of private property for the erection of filling stations without the consent of the city commissioners clothes those officers with arbitrary and unlimited power. It is conceded that the authority to create zones and restricted residence districts in cities has not been expressly granted by the legislature. Power to prevent the use of private property for mercantile or other legitimate business purposes should be plainly conferred. The sale of gasoline and lubricating oils for motor vehicles has become a public convenience and necessity. Stations and stores for this purpose have become almost as numerous and common as grocery stores, where gasoline was formerly kept and sold. The testimony produced tended to show that there was no greater fire hazard in such an establishment than there is where many other kinds of mercantile business is commonly carried on. Under the welfare provision of the statute, a city may exercise broad police power in protecting the public health, safety and comfort, but to prohibit an owner of property from using it for ordinary business purposes, or for any use not in itself a nuisance, where there is no express legislative authority, is not within municipal power. Regulations to prevent such stations from becoming unclean or from interfering with public travel and comfort may doubtless be provided, but to prohibit the use of property for that purpose was an unwarranted exercise of municipal ·power. (*Crawford v. City of Topeka*, 51·Kan. 756, 33 Pac. 476.) Besides, the lack of express legislative authority the ordinance is invalid because of the arbitrary power conferred on the city commissioners. In *Smith v. Hosford*, 106 Kan. 363, 187 Pac. 685, it was held that an ordinance which

placed power in the officers of the city to grant or refuse permission to build a garage in a certain district at the mere will of the officers was void. In the opinion it was said:

"Of course, a garage is not a nuisance of itself, but is becoming more and more necessary and profitable, and is a legitimate and lucrative means of making a living and adding to one's capital. While, no doubt, a city may regulate and look after the operation of this, as well as other things, which, by an unlawful use may become injurious, it cannot, without tyranny, refuse a citizen the right to use his property in this way when properly managed. And, by the same token, it must be held that a city cannot authorize one or more of its officers to prohibit such use." (p. 366.)

In *Standard Oil Co., v. City of Kearney*, 106 Neb. 558, a city ordinance was enacted which prohibited the erection of a filling station in a certain defined district. The only authority for the enactment was the welfare provision to be found in city charter acts. It was held that the ordinance was an unreasonable and arbitrary exercise of municipal authority and was therefore void. In the instant case the granting or withholding of consent by the city commissioners was left within their unguided and unlimited discretion or will. Without regard to the precautions proposed to be taken for the safety and protection of those on neighboring grounds, and whether or not the filling station would be more annoying or injurious to plaintiff than the location of other business establishments on the same site, the application might be refused by the city officers. Within the authorities cited the ordinance must be held to be void. As already indicated, the filling station properly and as ordinarily conducted cannot be regarded as a nuisance *per se*. The district in which it is proposed to be built and used is practically a business district. The kinds of business conducted in the immediate neighborhood necessarily brings much traffic and many people, which naturally causes considerable bustle and noise. According to most of the evidence, the business of the station properly carried on will not result in either greater fire hazard nor any more annoyance or disorder than comes with many lines of business about which no question is ever made.

Judgment of the district court is affirmed.