Thompson v. Evangelical Hospital Ass'n.

---

DAVID L. THOMPSON ET AL., APPELLANTS, V. EVANGELICAL HOSPITAL ASSOCIATION, APPELLEE.

FILED NOVEMBER 26, 1923. No. 22586.

1.  Nuisance: HOSPITAL: INJUNCTION. That a hospital in itself is objectionable to those residing in close proximity to the site of a proposed hospital, or that the value of property in the neigh-

borhood may be adversely affected, do not ordinarily constitute sufficient grounds to warrant a decree enjoining its erection.

2. **Evidence** examined, and *held* insufficient to warrant a court of equity in granting the relief prayed.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Walter L. Anderson, Glen H. Foe* and *Clarence G. Miles,* for appellants.

*Boehmer & Boehmer, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., REDICK, District Judge. ·

MORRISSEY, C. J.

Plaintiffs brought this action to enjoin defendant from erecting and operating a general hospital upon the north half of block 46 in Dawson's addition to south Lincoln. The ground selected as a site for the proposed hospital is bounded by Fourteenth street on the east, Sumner street on the north, Thirteenth street on the west, and a 16-foot alley on the south, and the tract is 142 feet by 300 feet. Plaintiffs are property owners residing with their families in the immediate vicinity of this tract of ground. The neighborhood is a closely built-up residential district and the houses are occupied by their owners.

It is alleged in the petition that it is the intention of defendant to receive and care for the sick, diseased and injured, and that plaintiffs will be continually annoyed by gruesome sights, sounds and smells at all hours of the day; "that these sights and sounds will be a continual reminder of the gloomy, morbid, uncertain side of life, and will tend to deprive these plaintiffs of the enjoyment of their homes because of these mental associations. That these plaintiffs will be depressed mentally, their vitality consequently lowered and their resistance to disease weakened because of the natural instinctive fear of contagion from the hospital; that the properties so owned by plaintiffs are improved with

Thompson v. Evangelical Hospital Ass'n.

dwelling-houses of the value of several thousand dollars each; that the hospital proposed will greatly depreciate and lower the value of the property to the injury of these plaintiffs; that a hospital, if established as proposed, will work a continuing irreparable injury to these plaintiffs and they are without an adequate remedy at law."

Defendant answered admitting its intention to erect a hospital on the tract of ground mentioned in the petition and that plaintiffs reside in their own homes in the immediate vicinity. It is alleged that the specifications for the building have been approved by the proper authorities of the city; that the building when erected will be 40 feet by 164 feet, three stories in height, with a basement; that no contagious diseases will be allowed to enter the proposed hospital; that a hospital is a necessity; and that defendant has no intention of injuring plaintiffs. The reply was in the form of a general denial of the new matter pleaded in the answer.

It was stipulated that defendant is a corporation; that the tract in question is in a residential district; that 48 members of the families living in immediate proximity to the site of the proposed hospital were interviewed and the substance of their statements set out in the stipulation; that the homes of the families are worth respectively from $2,000 to $8,000; that they have lived in their respective homes from one to fifteen years, and that the average term of residence per family is 7½ years; that the home nearest the proposed building is 50 feet; that in the half-block across the street on the north side of Sumner street and facing the proposed site are nine houses built upon the six lots comprising that half block; that these houses are 110 feet distant from the proposed site; that facing the proposed hospital on the Fourteenth street side are three houses which are about 40 feet from the proposed site; that across the 16-foot alley to the south of the tract are five houses, and on the Thirteenth street side and 100 feet distant from the tract is one house; that surrounding the proposed site there are 16 families living, not including those whose property

lies diagonally from the proposed site; that defendant has entered into a contract to purchase the site and has paid $500 earnest money, which is to be refunded if, as a result of this litigation, defendant is restrained from building; that the ground is now vacant; that Fourteenth street is 40 feet wide from lot line to lot line and carries a street car track. The proof shows Sumner street to be 100 feet wide from lot line to lot line and Thirteenth street to be of the same width.

The proof offered on behalf of plaintiffs is in line with the allegations of the petition and tends to show that the erection of a hospital in a residential district has a tendency to make the neighborhood less desirable for residential purposes. Plaintiffs testified that its presence would have a depressing effect upon their spirits. Expert testimony was given to show that anything which causes a feeling of depression has a tendency to injuriously affect the health of the individual. These conclusions, however, are based upon the assumption that there will be obnoxious odors coming from the institution and that the cries of the sick and the suffering patients will be heard by plaintiffs. These assumptions are disputed by the testimony given on behalf of defendant. Witnesses who have lived in the immediate neighborhood of hospitals testified from actual experience and rebut these assumptions. It is conceded, however, by plaintiffs that the fumes from the medicines and disinfectants used, that the noises arising within the institution, increased traffic, the coming and going of the ambulance, etc., in themselves do not constitute a nuisance, but that "the nuisance lies in the association of ideas that these incidents must raise in the minds of those people who, because of their close proximity, cannot escape them."

"Hospitals, whether for the insane or for other purposes, and although they are of a strictly private or of a private eleemosynary character, are not nuisances *per se,* but they may become so by reason of careless management. Neither courts nor text-writers define nuisance with exactness. Hence, in the case of hospitals, as in the case of nuisances

generally, each case must to some extent be made to depend on its own special facts and circumstances." 13 R. C. L. 951, sec. 16.   That the business itself is objectionable to others or that property in the immediate neighborhood may be adversely affected is not sufficient objection to restrain the erection of a hospital.   The owner of property has a right to conduct thereon any lawful business, not *per se* a nuisance, so long as the business is so conducted that it will not unreasonably inconvenience his neighbor in the reasonable enjoyment of his property.   A person who lives in a city must of necessity submit himself to the consequences and obligations of occupations which may be carried on in his immediate neighborhood, which are necessary for trade and commerce, and also for the enjoyment of property and the benefit of the inhabitants of the city; and matters which, although in themselves annoying, are in the nature of ordinary incidents of city life cannot be restrained as nuisances, unless in violation of an ordinance or statute.   In modern life a hospital is a public necessity, and to be of service to the public it must be so situated as to have available for its use electric current, gas mains, and sewers.   And, as many of its patrons will be without private conveyances and obliged to depend upon the street cars for service to and from the hospital, it is almost imperative that it be located where these conveniences are accessible.   There are people who object to a church or a school in their immediate vicinity, but the fastidious must bear with these institutions for the great good they bring to the public.   It is shown that patients suffering from contagious diseases will not be received in the proposed institution.   The threatened injury to the health of plaintiffs is too remote and conjectural to warrant the issuance of the writ.

The writ is denied and the judgment of the district court is

AFFIRMED.