**HAZLETT et al. v. MARLAND REFINING CO. OF PONCA CITY.**

Circuit Court of Appeals, Eighth Circuit.
January 5, 1929.

No. 8088.

J. B. McKay, of Eldorado, Kan. (Charles G. Yankey, of Wichita, Kan., and C. L. Harris and L. J. Bond, both of Eldorado, Kan., on the brief), for appellants.

William C. Michaels, of Kansas City, Mo. (W. K. Moore, of Ponca City, Okl., C. L. Aikman, of Eldorado, Kan., and Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. R. H. Hazlett, Isabella Hazlett, his wife, Anna Ander-

son, the First Presbyterian Church, a corporation, and the First Baptist Church, a corporation, brought this suit against the Marland Refining Company and R. H. Seymour, to enjoin the construction of a drive-in gasoline filling station at the northeast corner of block 17, Eldorado, Kan. The trial court sustained a motion to dismiss the bill and entered its decree accordingly, and this is an appeal therefrom.

The following is a copy of a plat, marked "Exhibit A," attached to the bill of complaint and incorporated therein by reference:

It shows the various tracts of land and the various uses made thereof in the vicinity of the filling station site.

The filling station site is located in block 17 at the intersection of Washington street and Central avenue. The residence of the Hazletts is in block 17, immediately south of the filling station site. The residence of Anna Anderson is on the east side of Washington street, immediately opposite the filling station site. The Presbyterian Church is on the north side of Ceneral avenue, opposite the filling station site. The Baptist Church is on a tract of ground fronting on Washington street and Central avenue south and east of the Anderson residence.

From the foregoing it will be seen that the lots adjacent to the filling station site are not used exclusively for residential purposes, but that there is located thereon a public school, a grocery store, a studio, a public library, a public hall, and five churches.

The bill alleges that the properties of the plaintiffs are located in a strictly residential neighborhood; but this, as we have already shown, is refuted by the plat which is incorporated in and made a part of the bill.

The bill further alleges that if such filling station is erected and placed in operation at the above site, it will be dangerous for children to cross the entrance to the station, there will be traffic congestion at the intersection of Central avenue and Washington street, lights will gleam and flash in the windows of plaintiffs, disturbing noises will occur, the fire hazard will be increased, disagreeable odors will invade plaintiffs' premises, fumes will kill plaintiffs' trees and shrubbery, and the value of plaintiffs' property will be depreciated.

Equity will not grant an injunction to prevent an anticipated nuisance, unless it clearly appears that such nuisance will result from the contemplated act or thing sought to be enjoined. Wergin v. Voss, 179 Wis. 603, 192 N. W. 51, 53 (26 A. L. R. 933); Lansing v. Perry, 216 Mich. 23, 184 N. W. 473, 476; Missouri v. Illinois, 180 U. S. 208, 248, 21 S. Ct. 331 (45 L. Ed. 497); notes 7 A. L. R. 757; 26 A. L. R. 939. The complaint in a suit to restrain an alleged threatened nuisance, not a nuisance per se, must state such facts as will enable the court to determine whether the apprehension of irreparable injury is well founded. Davis v. Baltimore & O. R. Co., 102 Md. 371, 62 A. 572, 573, 574; Clinton Cemetery Association v. McAttee, 27 Okl. 160, 111 P. 392, 393 [31 L. R. A. (N. S.) 945]; notes, 7 A. L. R. 765; 26 A. L. R. 941.

A drive-in gasoline and oil filling station is not a nuisance per se. Julian v. Golden Rule Oil Co., 112 Kan. 671, 212 P. 884; Lansing v. Perry, supra; City of Electra v. Cross (Tex. Civ. App.) 225 S. W. 795, 797; Wasilewski v. Biedrzycki, 180 Wis. 633, 192 N. W. 989, 991; note 52 L. R. A. (N. S.) 930.

The locality in which a business establishment or an industrial plant is situated in

some degree determines its character. What might be regarded as a nuisance in a purely residential district might be looked upon as a necessary and useful convenience in a district given over to commercial pursuits and places for public gatherings.

In the case of Thompson v. Evangelical Hospital Ass'n, 111 Neb. 191, 196 N. W. 117, 32 A. L. R. 721, the Supreme Court of Nebraska said: "A person who lives in a city must of necessity submit himself to the consequences and obligations of occupations which may be carried on in his immediate neighborhood, which are necessary for trade and commerce, and also for the enjoyment of property and the benefit of the inhabitants of the city; and matters which, although in themselves annoying, are in the nature of ordinary incidents of city life cannot be restrained as nuisances, unless in violation of an ordinance or statute."

This declaration by the Nebraska court seems to us to be peculiarly applicable to the situation in the instant case. Transportation is a necessity in a modern city, and the gasoline automobile has become the principal vehicle of short distance transportation. Gas filling stations conveniently located are essential. If these stations are properly constructed and operated, there is little that is objectionable about them in a business or semibusiness district.

Reverting to the alleged injurious effects that plaintiffs allege will follow from the construction and operation of this filling station, we find that most of them are already present in the neighborhood. With churches, schools, and public halls already present, of necessity there will be danger to children when crossing the lines of automobile travel. With five churches, a library, and a public hall, in the immediate vicinity, there certainly will be traffic congestion at times. Lights from automobiles turning corners will flash upon the windows of plaintiffs, and the starting of automobiles which have been parked at the churches and other public places will cause noises. Yet no one would even suggest that a church, a library, a public hall, or a grocery store, is a nuisance because of these things.

There are no allegations of fact in the bill which show clearly that the erection and operation of the filling station will increase the fire hazard to a degree that would make such filling station a nuisance. The bill does not show that the operation of the filling station will increase the fire hazard more than would a grocery store or other like mercantile establishment, and no one would assert that a grocery store is a nuisance because of the increase of fire hazard. See Julian v. Golden Rule Oil Co., supra.

Likewise, there are no allegations of fact in the bill which show that disagreeable and dangerous fumes will result from the operation of such filling station. As a matter of fact, they do not occur when a filling station is properly operated.

Mere depreciation in the value of adjoining property is not of itself sufficient to warrant injunctive relief. Dean v. Powell Undertaking Co., 55 Cal. App. 545, 203 P. 1015, 1018; Siskiyou Lumber & Merc. Co. v. Rostel, 121 Cal. 511, 53 P. 1118; note 7 A. L. R. 762.

In Dean v. Powell Undertaking Co., supra, the court said: "The trial court found that the value of the plaintiffs' property for residential purposes will be depreciated. Such findings, standing alone, and not supported by other findings showing that the defendant is maintaining, or is about to maintain, a nuisance, will not support the judgment. In many instances in populous neighborhoods the property of one person is depreciated by the near proximity of the property of another. Such burdens are ordinary incidents to residence and ownership in a city."

While the courts undoubtedly have jurisdiction in proper cases to afford relief, restrictions on the location of commercial establishments, such as these, should ordinarily, in our opinion, be by zoning ordinance, and not by injunctive decree.

Since the apprehended results of which plaintiffs complain largely already exist and will only be increased in degree, other apprehended results are insufficiently pleaded, the district is largely already given over to commercial and public purposes, and it is not shown that the construction and operation of such filling station will violate any ordinance or statute, we think the court rightly sustained the motion to dismiss the bill, and the decree is affirmed.