No. 31,194

THE CITY OF TRIBUNE, *Appellant,* v. J. C. CONNELLY et al.,
*Appellees.*

(26 P. 2d 439.)

Opinion filed
November 11, 1933.

*Martin F. Trued,* of Tribune, for the appellant.
*D. R. Beckstrom,* of Tribune, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin the carrying out of plans to erect a building in the city of Tribune. Judgment was for defendant. Plaintiff appeals.

Plaintiff had passed two ordinances. Ordinance No. 340 prohibited the erection of any building within the city limits the sides of which extended less than eight feet above the ground. Ordinance No. 361 required any person before erecting any building within the city limits to obtain a building permit from the city clerk, approved by the governing body of the city.

Defendants commenced the erection of a building within the city limits without complying with ordinance No. 361. The plans of the proposed building do not comply with ordinance No. 340. Plaintiff brought an injunction to enjoin defendant from proceeding with the erection of the building. The court granted a temporary injunction and on a hearing vacated it. This appeal is from that order. The claim of defendant is that the ordinances are arbitrary and un-

reasonable, and that no authority is granted to cities to pass such ordinances.

Plaintiff relies on the provision of R. S. 15-426 as conferring authority on the city to pass ordinance No. 340. That statute confers on cities of the third class the authority to make whatever regulations are necessary to prevent fire. The first part of the section deals with "chimneys, stoves, stove pipes, ovens, boilers, kettles or forges." It also confers authority to prescribe limits within which no building may be built of any but noncombustible material.

The latter part of the section confers authority on the city to purchase fire-fighting equipment. Clearly the section is intended to confer authority on cities to take whatever steps are deemed necessary to prevent the spread of disastrous fires. Ordinances of this type are clearly within the powers conferred by R. S. 15-426. Such ordinances are necessary to the safety and well-being of the inhabitants of the city. The trouble with this case, however, is to see how the ordinance in question deals with the matter of fire hazard. It is an outright prohibition against the erection of a building with sides extending less than eight feet above the level of the ground. Nothing is said about chimneys, fireplaces or the material out of which the building must be built. We have therefore concluded that the city had no authority to pass ordinance No. 340. (See *Smith v. Hosford,* 106 Kan. 363, 187 Pac. 685; also, *Julian v. Oil Co.,* 112 Kan. 671, 212 Pac. 884.)

A different question presents itself in the consideration of ordinance No. 361. That ordinance requires plans to be submitted to and approved by the governing body of the city before any building is erected within the city limits. The ordinance provides that the application "shall state the exact size to be occupied, the material, dimensions, and estimated cost of the proposed building, structure, or addition, the purpose for which the same is intended to be occupied, the number of flues to be constructed within the same, and the probable time in which the work will be completed."

Plaintiff argues that the authority to pass this ordinance is conferred by R. S. 15-401. That section is as follows:

"The governing body of each city governed by this act shall have the care, management and control of the city and its finances, and shall have power to enact, ordain, alter, modify or repeal any and all ordinances not repugnant to the constitution and laws of the state, and such as it shall deem expedient for the good government of the city, the preservation of the peace and good

order, the suppression of vice and immorality, the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be necessary to carry such power into effect."

It will be seen that the ordinance does not provide any requirements to be followed before the permit may be granted but merely provides that no building may be erected within the corporate limits without a permit. On this account the permit should be issued as a matter of course when the application for it is made—otherwise the ordinance would be invalid as conferring arbitrary power on the governing body of the city. (See 43 C. J. 346; 19 R. C. L. 830.)

We have therefore concluded that ordinance No. 361 is valid.

The defendants in this case were going ahead with the erection of this building without making any effort to comply with the provisions of this ordinance. Under such circumstances it was proper for the city to seek to enjoin such action.

The order of the trial court vacating the temporary injunction is therefore reversed with directions to hold that it is necessary for defendant to comply with the terms of ordinance No. 361, although ordinance No. 340 is invalid.

HUTCHISON, J., not sitting.