Leslie C. and Betty W. BADER, Appellants,

v.

IOWA METROPOLITAN SEWER COMPANY, Marlin Cole, Lloyd E. Clarke, and David W. Belin, Appellees.

No. 53982.

Supreme Court of Iowa.

June 23. 1970.

———◆———

Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellants.

Herrick, Langdon, Belin & Harris, Des Moines, for appellees.

STUART, Justice.

Plaintiffs, owners of real estate, brought this action in equity to enjoin defendants from operating a sewage treatment lagoon on adjoining property and asking for damages based on the claim that the lagoon was a nuisance under section 657.1 and 657.2(1), Code of Iowa. The trial court held a sewage disposal facility is not a nuisance per se and that plaintiffs failed to prove it was a nuisance in fact and denied them any relief. The principal issue on plaintiffs' appeal is whether the sewage lagoon is a permanent nuisance entitling plaintiffs to the decrease in value of their property resulting from its construction. Ryan v. City of Emmetsburg (1942), 232 Iowa 600, 606–607, 4 N.W.2d 435, 440; Irvine v. City of Oelwein (1915) 170 Iowa 653, 662, 150 N.W. 674.

We agree with the trial court that plaintiffs failed to prove the existence of any nuisance.

In 1960 plaintiffs purchased an 80 acre tract of land in the northern part of Warren County for $25,000 as an investment. It was not far from Des Moines and they expected its value for residential development purposes to increase over the years. The tract is located ¼ mile east of State Highway 28 and lies north of a county gravel road. It is zoned suburban residential but up to the time of trial its use had been agricultural.

After plaintiff acquired this property, a residential development named Lakewood was established west of Highway 28 and north of plaintiffs' property. The Iowa Metropolitan Sewer Company was formed to service this development. It purchased a 40 acre tract of ground north of plaintiffs' north 40 acres in late 1964 or early 1965. The necessary permits were obtained from the state and county and a sewer lagoon consisting of two ponds or cells was constructed. This method of sewage disposal is approved by the state department of health and has been used in many small Iowa towns and the rest stops along the interstate highways.

The lagoon was constructed in accordance with engineers' specifications to provide a controlled water level and utilize nature's way of taking care of sewage. Uncontradicted testimony establishes that properly maintained and operated sewage lagoons for residential purposes are odorless, with the possible exception of a few days in the spring when the ice goes out. Even then the odor is not likely to be noticeable very far from the lagoon.

Because Lakewood has not developed to capacity, only one cell of the lagoon was in operations at the time of the trial. It had been operating since late 1966. This action was filed July 14, 1967.

■ A nuisance per se is a structure or activity which is a nuisance at all times

and under any circumstances, regardless of location or surroundings. Proof of the act or the existence of the structure establishes the nuisance as a matter of law. 39 Am. Jur. 289, Nuisances, § 11; 66 C.J.S. Nuisances § 3, p. 733.

■ A sewage disposal facility is not a nuisance per se, but may become a nuisance in fact or per accidens by reason of the particular circumstances or location. Miller v. Town of Ankeny (1962), 253 Iowa 1055, 1059, 114 N.W.2d 910, 912; Ryan v. City of Emmetsburg (1942), 232 Iowa 600, 603, 4 N.W.2d 435, 438; Bartman v. Shobe (1962 Ky.), 353 S.W.2d 550, 555; Anno. 40 A.L.R.2d 1177, 1206, § 13.

■ I. Plaintiffs' evidence of a nuisance resulting from odors emitting from the lagoons was not satisfactory. They do not seriously urge they have established a nuisance in fact from the odors on this appeal. We agree with the trial court that plaintiffs did not prove a nuisance was created by offensive odors.

Plaintiffs rely for reversal on the proposition that: "A sewage disposal facility constructed and used by defendants adjacent to plaintiffs' property, which sewage lagoon by its presence reduces the value of a substantial portion of plaintiffs' property is a permanent nuisance and damages should be allowed as permanent damages."

The evidence discloses the southeast corner of the east cell of the lagoon is 190 feet north of the north line of plaintiffs' property. The southwest corner of the east cell is 380 feet from the property line as is the south edge of the west cell.

A representative of the state department of health testified the department would not permit a sewage lagoon to be built within 1200 feet of an occupied residence. The department has no authority to require a home to be built a minimum distance from a properly constructed and operating lagoon.

A representative from the FHA testified under their own regulations they would not finance a home closer than 300 feet to a sewage lagoon, but they abide by the rules set by local health authorities. From information received from the state department of health, they would not process a loan application involving a property to be constructed with 800 feet of a sewage lagoon. He also testified the Veteran's Administration does not have such regulations. Its representatives work with FHA on subdivision analysis. "They could take a house closer, I think, from what I know." There was also evidence less than 10 per cent of new residential construction in this area was FHA or VA insured.

A real estate appraiser testified the highest and best use of plaintiffs' property was for future (about 10 years) development for residential purposes and drew a line 1000 feet from the lagoons which included the north 22⅔ acres of plaintiffs' property and determined this area was not available for residential development because the department of health "recommendation of not building within this distance causes the FHA, for example, or VA or mortgage lenders, not to lend money in this particular area, so our potential disappears." He estimated the loss in value from this factor at $27,000.

■ This evidence indicates the sewer lagoon affected the desirability of a portion of plaintiffs' property for residential purposes from an aesthetic standpoint. The increased difficulty of obtaining financing would also depreciate the value of the property. However, such evidence is not enough to establish a nuisance in fact.

■ If the lawful use of one's property does not create a public or private nuisance, such use cannot be enjoined because of, or damages recovered for, the diminution in value of neighboring properties resulting therefrom. "Mere diminution of the value of property because of the use to which adjoining or nearby premises is devoted, if unaccompanied with other ill re-

sults, is *damnum absque injuria*—a loss without injury, in the legal sense." Gunther v. E. I. Du Pont De Nemours & Co., D.C., (1957), 157 F.Supp. 25, 33. Dean v. Powell Undertaking Company, 55 Cal.App. 545, 203 P. 1015, 1018; Vanderslice v. Shawn (1942), 26 Del.Ch. 225, 27 A.2d 87, 90; Moss v. Burke & Trotti (1941), 198 La. 76, 3 So.2d 281, 284; Smith v. Western Wayne Co. Conserv. Ass'n. (1968), 380 Mich. 526, 158 N.W.2d 463; Warren Twp. School District No. 7, Macomb County v. City of Detroit (1944), 380 Mich. 460, 14 N.W.2d 134, 136; Thompson v. Evangelical Hosp. Assoc. (1923), 111 Neb. 191, 196 N.W. 117, 32 A.L.R. 721, 724; Winget v. Winn-Dixie (1963), 242 S.C. 152, 130 S.E. 2d 363, 369; Strong v. Winn-Dixie Stores, Inc. (1962), 240 S.C. 244, 125 S.E.2d 628; Jones v. Highland Memorial Park (1951 Tex.Civ.App.), 242 S.W.2d 250, 253; Continental Oil Co. v. City of Wichita Falls (1931 Tex.Comm.App.), 42 S.W.2d 236, 241; Wade v. Fuller (1961) 12 Utah 2d 299, 365 P.2d 802, 804, 91 A.L.R.2d 569, 571; Batcheller v. Commonwealth ex rel. Rector (1940), 176 Va. 109, 10 S.E.2d 529, 532–533; Martin v. Williams (1956), 141 W.Va. 595, 93 S.E.2d 835, 56 A.L.R.2d 756, 767, 66 C.J.S. Nuisances § 19, p. 771.

The language of the Kentucky Supreme Court in Bartman v. Shobe (1962 Ky.), 353 S.W.2d 550, 555, is particularly applicable here.

"A sewage treatment plant is not a nuisance per se. City of Harrodsburg v. Brewer, 1932, 243 Ky. 378, 48 S.W.2d 817. And if it is so operated as not to be a nuisance, it cannot be made a nuisance by force of any standing policy of FHA or the Health Department with respect to residential construction within its environs. That a particular structure may be such as to make it less desirable to build a home near it, and thereby affect the value of adjacent property, does not necessarily make it unlawful. We cannot say that the mere presence of the sewage treatment plant will constitute a nuisance."

There is no proof here of any ill effects other than the diminution in the value of the property as a result of the lawful use of the adjoining property.

The trial court was right and is affirmed.

Affirmed.

All Justices concur.