AMBROSE v. DETROIT EDISON COMPANY.

1. TRIAL—OPENING STATEMENT—FAILURE TO STATE CAUSE OF ACTION
   —DISMISSAL.
   Trial judge may dismiss a case at the close of plaintiff's opening
   statement to the jury, under proper circumstances, if the
   pleadings and opening statement fail to state a cause of
   action.

2. SAME—OPENING STATEMENT—OFFER OF PROOFS.
   An opening statement is in the nature of an offer of proofs.

3. SAME — DISMISSAL AFTER OPENING STATEMENT — DISCRETION OF
   COURT.
   A trial court has the right to act upon the facts deliberately
   conceded by counsel in his opening statement to the jury, and
   to direct a verdict against the plaintiff, if such conceded facts
   would not entitle him to a verdict, but such power must be
   exercised sparingly, and never without full consideration and
   opportunity for counsel to qualify his statement, so far as
   the truth will permit.

4. SAME—DAY IN COURT—CONVENIENCE—SAVING OF TIME.
   A trial judge may not sacrifice the rights of a plaintiff to his
   day in court and to a fair trial merely for convenience or for
   the purpose of saving time.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 53 Am Jur, Trial §§ 327–331.
   Direction of verdict on opening statement of counsel.  83 ALR 221,
   129 ALR 557.
[2]  53 Am Jur, Trial §§ 69, 454.
[4]  53 Am Jur, Trial § 34.
[5]  53 Am Jur, Trial §§ 24, 25, 34, 327–331.
[6]  53 Am Jur, Trial §§ 327–331.
[7–9] 53 Am Jur, Trial §§ 327–331.
   4 and 5 Am Jur 2d, Appeal and Error §§ 110, 849.

5. SAME—DISMISSAL—DAY IN COURT.

> The dismissal of a case at the close of the plaintiff's opening statement to the jury does not deprive the plaintiff of his day in court.

6. SAME—ADVICE TO COUNSEL—OPENING STATEMENT—DIRECTED VERDICT.

> A trial judge should inform counsel as to the points at which he has failed to state a case before directing a verdict upon an opening statement.

7. APPEAL AND ERROR—OPENING STATEMENT—FAILURE TO STATE CAUSE OF ACTION—OPPORTUNITY TO AMEND.

> Dismissal of action at close of plaintiff's opening statement on the ground that the pleadings and statement failed to state a cause of action *held,* proper, where plaintiff was given every opportunity to amend his opening statement; the trial court gave specific examples of suggested amendments to the opening statement, made available to counsel a transcript of the opening statement, and warned counsel, to no avail, that the cause would be dismissed unless amendments were made.

8. SAME—PRETRIAL STATEMENT—DIRECTION OF VERDICT AFTER OPENING STATEMENT.

> Contention of plaintiff that the orders of the trial judge dismissing plaintiff's cause of action at the conclusion of his opening statement were inconsistent with statements made by the trial judge during the pretrial conference on the pleadings *held,* not reversible error.

9. TORTS — MENTAL SUFFERING — INVASION OF PRIVACY — OPENING STATEMENTS.

> Dismissal at close of opening statement of action for alleged conspiracy intentionally to inflict mental suffering and for invasion of privacy, brought by former employee against corporate employer and various of its officers, is affirmed, where it is not shown to have been an abuse of discretion by the trial court to order dismissal because of failure to state a cause of action.

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 May 31, 1966, at Lansing. (Docket No. 1,674.) Decided December 8, 1966. Leave to appeal granted by Supreme Court March 9, 1967. See 379 Mich 754, 380 Mich 445.

Complaint by Joseph S. Ambrose against the Detroit Edison Company, a New York corporation, and others, to recover damages resulting from an alleged conspiracy to inflict mental suffering and for invasion of privacy. Defendants' motion to dismiss at conclusion of plaintiff's opening statement was granted. Plaintiff appeals. Affirmed.

*Renfrew, Edberg & Baldwin* (*James Renfrew,* of counsel), for plaintiff.

*Fischer, Sprague, Franklin & Ford* (*Harvey A. Fischer* and *Leon R. Jones,* of counsel), for defendants.

McGregor, J. Plaintiff filed this tort action June 27, 1961, in the circuit court to recover damages from defendants for an alleged conspiracy intentionally to inflict mental suffering and for invasion of privacy. The defendants moved for dismissal at the conclusion of plaintiff's opening statement to the jury on the grounds that the opening statement and pleadings were conclusions and not facts, and therefore, failed to state a cause of action. From the dismissal plaintiff has appealed.

This case is the third in a series arising out of essentially the same facts. The first action, for breach of contract, was dismissed on the pleadings and that judgment was affirmed by an equally divided Supreme Court. *Ambrose v. Detroit Edison Company* (1962), 367 Mich 334. The second action, for libel and slander, was dismissed on defendant's motion by the circuit court, on January 25, 1960. Defendant's motion to dismiss the appeal therefrom was granted by order of the Supreme Court in January, 1961, and a motion for reconsideration was denied in February, 1961.

In the instant case, it appears that plaintiff entered into the employ of the Detroit Edison Company in 1927 and continued until October 1, 1958, at which time he was discharged. The briefs and exhibits indicate that during most of the period of such employment, plaintiff was a valued employee of the Detroit Edison Company and was well regarded for his engineering competence. The pleadings and exhibits indicate that, beginning about 1952, there were a series of confrontations between plaintiff and his superiors and various officers of the Detroit Edison Company, consisting of personal interviews, reports, and evaluations, the main topic of which was the plaintiff's purported emotional instability and his inability to get along with other people. From the record, it appears that on several occasions, the plaintiff was advised by his superiors or officers of the Company to seek psychiatric treatment, at company expense. On at least three occasions, plaintiff was told by representatives of the defendant that such psychiatric treatment was a condition of further employment. It is alleged in the pleadings that plaintiff did have a medical examination at his own expense. In 1958, an officer of the Detroit Edison Company contacted plaintiff's pastor, Father Coughlin, for the purpose of discussing the plaintiff's condition, over the objection of the plaintiff.

Plaintiff alleged that the various statements made to him and to others concerning his mental or emotional health were a part of the conspiracy intentionally to inflict mental suffering upon him. He further alleges in his pleadings that some of the defendants did invade his right of privacy, by wrongfully calling upon his pastor. Plaintiff did not allege the duties of the defendant corporation or the fact that defendant's employees were per-

forming any corporation duties when the alleged torts were committed.

The defendants set up several defenses to this action, but we here are concerned only with the reasons for dismissal of this case in the lower court. Defendants, in the lower court, moved for dismissal at the conclusion of plaintiff's opening statement to the jury, on the grounds that facts alleged in the plaintiff's pleadings, particularly the amended declaration and opening statement, did not state a cause of action, that the pleadings and opening statement were conclusions, and did not allege one single continuing conspiracy, although plaintiff pleaded conclusions of about six different earlier alleged conspiracies, some of which had occurred more than three years previously.[*]

The trial court indicated that defendant's motion to dismiss was well founded and gave the plaintiff the opportunity to amend his opening statement. Plaintiff did not amend, but rather argued, as he still argues, that the purpose of the opening statement should be to call the attention of the jury to the salient points of the case and not to indulge in any detailed discussion of the evidence; contending that the opening statement, as presented, was, under the law, a proper opening statement. After the plaintiff had failed to amend his opening statement, the motion for dismissal was granted.

It is an old and honored precedent in Michigan that under proper circumstances, the court may dismiss a case at the close of plaintiff's opening statement to the jury, if the pleadings and opening statement fail to state a cause of action. *Spicer* v. *Bonker* (1881), 45 Mich 630. The actions of the

---

[*] Limitation of actions, CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605. See, currently, CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

circuit court were commented on by COOLEY, J., as follows (p 633):

"But if he observes due care, the circuit judge commits no error in taking the course that was adopted here. *The plaintiff's opening is in the nature of an offer of proofs,* and the circuit judge directs a verdict for the defendant because, assuming the proofs to have been received, they fail to make a case. The trial is thereby shortened, and no wrong is done to any one." (Emphasis supplied.)

In *Vida* v. *Miller Allied Industries, Inc.* (1956), 347 Mich 257, 264, the Supreme Court relied on *Bean* v. *State Land Office Board* (1952), 335 Mich 165, and 53 Am Jur, Trial, § 373, pp 303 and 304, to make the following statement:

"It is a well-established general rule, followed by the majority of the courts of this country, including the courts of the United States, that the trial court may usually direct a verdict for the defendant upon the opening statement of the plaintiff's counsel, where that statement shows that the plaintiff has no cause of action or right to recover. The rule is founded on the theory that the time of the court and the jury would be wasted, since the result, if the evidence were introduced, would necessarily be the same; that it would be an idle waste of time to hear evidence which could not benefit the party offering it. * * * And a trial court has the right to act upon the facts deliberately conceded by counsel in his opening statement to the jury, and direct a verdict against the plaintiff, if such conceded facts would not entitle him to a verdict; but such power must be exercised sparingly, and never without full consideration and opportunity for counsel to qualify his statement, so far as the truth will permit." Also, see *Stevens* v. *Stevens* (1959), 355 Mich 363.

It is vital that the trial judge should not sacrifice the rights of the plaintiff to his day in court and to a

fair trial merely for convenience or for the purpose of saving time. The Supreme Court has ruled that dismissal at the close of the plaintiff's opening statement to the jury does not deprive the plaintiff of his day in court. In *Geib* v. *Graham* (1942), 300 Mich 534, 535, it was stated:

"Mr. Geib seeks reversal on the grounds that, since he had demanded a trial by jury, the court erred in dismissing his cause before taking proofs. He argues that he was thereby deprived of his day in court.

"We cannot agree with Mr. Geib's contention."

· The case of *Zucker* v. *Karpeles* (1891), 88 Mich 413, relied on strongly by the plaintiff, stands more for the principle that a trial should be a fair one and within the bounds of due process, rather than setting down the guidelines to counsel for the presentation of opening statements, as the plaintiff would have us hold. Recently, the Supreme Court has stated:

"Furthermore, we are of the opinion that, before directing a verdict upon an opening statement, the counsel should be informed as to the points at which he has failed to state a case." *Jones* v. *Hicks* (1960), 358 Mich 474, 488.

· It is observed that in the instant case the trial judge was very solicitous of the rights of plaintiff. In the record of the proceedings of the lower court is the following dialogue:

"*The Court:* Mr. Renfrew, the court is of the opinion that the pleadings only state a legal conclusion. The court did say to you that unless you in your opening statement alleged facts which you intend to prove which would tie in factually the Detroit Edison Company and Walker Cisler, that the court would dismiss as to those two defendants.

"Now, the court would like to hear from you as to, one, whether you have any facts which you intend to prove to support that, or as to whether you disagree with the court's previously pronounced position of law in Mr. Jones' presently expressed position on the law.

"*Mr. Renfrew:* If the court please, I have outlined, I think, for the court and the jury the positions held by the defendants in some instances. I have not dealt with their managerial rank in the company or anything like that, which we are saving for the proofs. That I do in the interest of saving time, so that I am not compelled to indulge in a recital in great detail of the actual evidence involved. That is not the purpose of an opening statement.

"*The Court:* The court would agree and concur. However, the court cannot find in your opening statement any actual recitation which recites that this conspiracy was in some way tied to Walker Cisler or the Detroit Edison Company."

After asking the plaintiff if he had completed his opening statement, and wished to add anything, the following statement was made by the court:

"*The Court:* Here is a transcript of your opening statement. I would suggest that you read the transcript of your opening statement and see wherein you have recited the facts which you intend to prove which support the legal propositions. * * *

"If you would examine the transcript of your opening statement—would you like a recess to do so?"

Further, in the transcript, is the following dialogue:

"*The Court:* Would you tell the court what language it is. Here is volume 1 of the transcript. There is verbatim here your opening statement. Mr. Renfrew, I am urging you—I cannot find anywhere where you have alleged a cause of action. If you do

not find it you are faced with this dilemma: the court is going to have to grant Mr. Jones' motion and dismiss as to those two defendants unless you can plead with the court to reopen and address the jury and recite to them the facts which do support that proposition.

"Now, surely you want an opportunity to take a recess to read the transcript of your opening statement to determine whether or not the court's recollection or the court's perusal of the transcript is erroneous, do you not?

"*Mr. Renfrew:* I will take that opportunity, if the court please.

"*The Court:* We will take a 15-minute recess."

After the recess referred to, Mr. Renfrew made the following statement:

"*Mr. Renfrew:* I am satisfied with the opening statement as made."

It is clear from the above excerpts from the transcript and from a reading of the full transcript that the plaintiff was given every opportunity to amend his opening statement so as to set forth a cause of action, based on facts, as requested by the court. The trial court gave specific examples of suggested amendments to the opening statement. To facilitate an amendment, a transcript of the opening statement was made available to the plaintiff. In spite of warnings that the cause would be dismissed unless the opening statement was amended, counsel for plaintiff steadfastly refused to make any amendments. See *Easley* v. *Mortensen* (1963), 370 Mich 115. There is some law that it is not only the trial judge's right, but his duty to dismiss at that point. See Annotation 5 ALR3d 1405, 1426 (1966).

It is clear that the plaintiff was carefully apprised of the inadequacy of his pleadings and opening state-

ment, and was given ample opportunity by the trial court to amend, so as to allege facts and circumstances constituting the claimed tort. It is the opinion of this Court, after a perusal of the complete pleadings, plaintiff's sworn deposition, pretrial findings, and plaintiff's opening statement, that the trial court was correct in ruling that plaintiff had not stated a cause of action and did not abuse its discretion in dismissing this case. The trial court was properly solicitous of the rights of plaintiff and gave him every opportunity to have his day in court. Plaintiff makes some point that the orders of the judge, given at the conclusion of the plaintiff's opening argument, were slightly inconsistent with the statement made by the trial judge during the pretrial conference on the pleadings. These minor inconsistencies do not constitute reversible error.

In the absence of a showing of the abuse of discretion by the trial court, the dismissal is affirmed. Costs to the appellees.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.