FRED SPICER v. OLIVER H. BONKER.

*Power to direct a verdict—Assignee's right to benefit from estoppel—Assignment of the use of premises—Rent—Absence of seal—Notice
from possession—Collection of rents under a mortgage.*

A trial judge can direct a verdict for defendant when the plaintiff offers
no evidence to establish a necessary part of his case.

The power to direct a verdict for defendant on counsel's presentation of plaintiff's case must be cautiously exercised; and if the case as stated is sufficient except on some particular point, the judge should always direct attention to the defect so that the omission may be supplied if accidental.

An assignee of property rights may have the benefit of an estoppel raised for their protection.

An assignment by a wife to her husband of "all the use" of certain premises leased to other persons, but held in her name, "for his use and benefit," is not specific enough to give him the right to rents under existing leases.

Although a deed is not void for want of a seal (Comp. L., § 6194) the absence of a seal may be significant in determining whether or not an instrument was meant as a conveyance.

B and S held mortgages on certain rented premises already heavily encumbered. S obtained an assignment of B's mortgage, and in order that his own might not be merged, procured a deed of the premises to be made to his wife, intending to collect the rents until a foreclosure of prior mortgages. His wife assigned to him "all the use of" the premises "for his use and benefit." B, who understood these arrangements, meanwhile procured assignments of the leases and collected the rents himself in advance. S sued him for money had and received to plaintiff's use. *Held*, that an instruction to find for defendant did not prejudice the plaintiff whose right of action arose under the assignment from his wife, and as she did not hold the leases, her right to collect the rents, if she had that right, rested on her ownership of the equity of redemption and on whatever estoppel may have arisen against B; but the word "use" in her assignment was too uncertain to cover rents under leases which she did not hold.

B collected in advance rents which he knew S intended to collect, and S sued him for money had and received to plaintiff's use. Both were mortgagees of the rented property. *Held*, that defendant was entitled to an instruction that plaintiff's knowledge of the actual possession by tenants was notice enough to exclude any benefit from the defendant's neglect to inform plaintiff of the advance payment.

Error to Eaton. Submitted Jan. 28. Decided April 13.

Assumpsit. Plaintiff brings error. Affirmed.

*H. A. Shaw* for plaintiff in error. A claimant of an interest in land who sees it conveyed to others without objection or notice of his own right is estopped from afterward setting it up against the conveyances: *Cady v. Owen* 34 Vt.

598; *Nixon v. Carco* 28 Miss. 414; *Shapley v. Rangeley* 1 Woodb. & M. 213; *Brothers v. Porter* 6 B. Mon. 106; *Cochran v. Harrow* 22 Ill. 345; *Thompson v. Sanborn* 11 N. H. 201; *Trapnall v. Burton* 24 Ark. 371; his silent acquiescence is sufficient: *Blackwood v. Jones* 4 Jones N. C. Eq. 54; *Hollingsworth v. Handcock* 7 Fla. 338; *Morris Canal etc. Co. v. Lewis* 12 N J. Eq. 323; *Gregg v. Wells* 10 Ad. & El. 90; *Miranville v. Silverthorn* 48 Penn. St. 149.

*I. H. & John M. Corbin* for defendant in error. An estoppel *in pais* does not apply to divest an interest in lands: *Hayes v. Livingston* 34 Mich. 384; *Wright v. DeGroff* 14 Mich. 164; *Ring v. Burt* 17 Mich. 465; *Clark v. Evarts* 46 Ia. 248; *Showers v. Robinson* 43 Mich. 502; *Nims v. Sherman* 43 Mich. 45; *Fisher v. Meister* 24 Mich. 447

COOLEY, J. In this case the circuit judge directed a verdict for defendant immediately that plaintiff's counsel had concluded his opening to the jury, and the case is before us on exception to that direction. It is denied that the circuit judge has any lawful authority for such direction in any case; the plaintiff in this State having always a right to go to the jury on the facts. *Cahill v. Ins. Co.* 2 Doug. (Mich.) 124. It is also insisted that the facts stated in the opening were sufficient, if proved, to entitle the plaintiff to a recovery; and therefore, if the circuit judge had the authority which he assumed to exercise, he erred in exercising it in this case. The record presents no other questions.

I. The authority to direct a verdict for defendant on the mere presentation of the plaintiff's case by his counsel, is no doubt one that ought to be very sparingly used if used at all, and the circuit judge ought first to be very certain that the presentation is full and complete, and covers all the points the plaintiff intends or expects to cover by his evidence. The circuit judge must not take advantage of mere accidental or inadvertent omissions as the defendant may when submitting the case after the proofs are all in; but if the case stated is sufficient except upon some particular point, should direct

attention to that point that the counsel may have opportunity to make his case more complete if he has unintentionally omitted anything. In replevin, for example, and trover, it is sometimes necessary to prove a demand; but the demand in any particular case may be only a formal requisite, and counsel in stating to the jury the merits of his case might not unnaturally fail to mention it. It would be inexcusable in a trial judge, under such circumstances, to turn the plaintiff out of court without first giving him the opportunity to perfect his opening after calling his attention to the omission.

But if he observes due care, the circuit judge commits no error in taking the course that was adopted here. The plaintiff's opening is in the nature of an offer of proofs, and the circuit judge directs a verdict for the defendant because, assuming the proofs to have been received, they fail to make a case. The trial is thereby shortened, and no wrong is done to any one. The circuit judge has an undoubted right, in any case, to advise the jury to return a verdict for the defendant, when the plaintiff gives or offers no evidence to establish any necessary part of his case. *Kelly v. Hendrie* 26 Mich. 255.

There is no claim in this case that counsel had failed to make his opening full and complete. We have, therefore, only to see whether a case was stated which would entitle him to ask from the jury a verdict in his favor.

II. The action was for money had and received by defendant to the plaintiff's use. The case stated was that for some time previous to 1878, one Sweezey had been in business at Eaton Rapids with the defendant Bonker, as his clerk; that in various ways he had become greatly embarrassed; that plaintiff and defendant were indorsers for him to the amount of $12,000 and upwards; that he had given to plaintiff mortgages as securities for this amount, and to defendant a mortgage for some $2500; that the property mortgaged was otherwise largely encumbered, and was soon to be taken to satisfy previous liens; that it was then in the hands of tenants; that plaintiff ascertained that defendant could do

nothing towards paying the Sweezey debts, and the whole burden thereof would consequently fall upon the plaintiff himself; that under these circumstances, in order to save to himself something from the Sweezey wreck, he made an arrangement whereby defendant was to, and did, assign to him the mortgage defendant held from Sweezey, and Sweezey was to, and did, deed over the property covered by both the Sweezey mortgages; that the purpose of the arrangement was to enable plaintiff to collect the rents of the mortgaged property until the premises were taken on foreclosures; that for convenience and to prevent his own mortgage being merged in the fee, he had the conveyance from Sweezey made directly to plaintiff's wife, but that defendant understood the whole arrangement, and knew that the object plaintiff had in making it was to secure the accruing rents. It was further stated that plaintiff subsequently discovered that defendant held assignment from Sweezey of leases of the mortgaged property, and had proceeded to collect rents thereon; and plaintiff insisted that in equity and good conscience these rents belonged to him, and that defendant was estopped from setting up any right to them by his failure to notify plaintiff of any claim at the time plaintiff was making the arrangement with Sweezey for the sole purpose of reaching these same rents. To show his right to the rents as between himself and his wife, counsel for plaintiff further stated that he should prove the execution and delivery by plaintiff's wife of the following instrument:

" For a valuable consideration I, Mrs. O. M. Spicer, have this 29th day of May, 1878, assigned over all the use of the brick and wooden buildings, also the brick hardware store, all in the village of Eaton Rapids, Michigan, known as the property bought of John T. Sweezey, on the 14th day of May last, to Frederick Spicer, for his use and benefit.

*Spicerville, May* 29th, 1878.          Mrs. O. M. Spicer.
Witness: George M. Pierce."

The property described in the foregoing paper is the same property from the renting of which defendant had been

receiving rents. The question is, whether, admitting all these facts to be proved, the plaintiff makes a case.

The most obvious objection to plaintiff's recovery springs from the fact that the conveyance by Sweezey was not made to him, but to his wife. It was the wife, therefore, and not the plaintiff, who had a right to suppose that by Sweezey's conveyance she was obtaining a right to recover rents from his tenants. If, therefore, there was any estoppel in the case which should preclude defendant from collecting rents, it must be an estoppel which arises for the benefit of the wife herself. But plaintiff, conceding that this may have been so at the outset, insists that he, as assignee of his wife, is entitled to claim the benefit of it under the rule laid down by authorities of which *Wood v. Seely* 32 N. Y. 105 is an instance.

There is no doubt that where an estoppel arises for the protection of property rights, an assignee may have the benefit of it. It would fail to give adequate protection to the party in whose favor it arises if this were not the case. *Powell v. Smith* 30 Mich. 451. But the serious question in this case is, whether the plaintiff is the assignee of his wife, so as to be entitled to claim the rents as against her. It is not pretended that the instrument she gave him was intended as a conveyance of the equity of redemption; it does not purport to be so in terms; and is an assignment of the "use" only; and though the statute declares that no deed of conveyance shall be deemed invalid for want of a seal or scroll—Comp. L. § 6194—yet the absence of a seal may be significant when the purpose of an instrument is not clear, and its terms are indefinite. Indeed we do not understand that any one claims this paper was intended for a deed, and counsel for the plaintiff speaks of it as a parol assignment of the rents. But as a parol assignment there could be nothing for it to operate upon. Mrs. Spicer did not hold the leases; she was owner of the equity of redemption; and if she had any right to demand and receive moneys from the leases, it was because of that ownership and of the estoppel which was created in her favor when she acquired the title. Assignment of the "use" of the buildings separate from the ownership

could not be understood as an assignment of a right to rents under existing leases ; for the tenants were entitled to the present use, and Mrs. Spicer to the use subject to the leases. It does not appear that the buildings were all under lease, and there may have been something upon which the assignment could presently operate, irrespective of the rents ; but the operative word " use " which is employed in this instrument is too uncertain in meaning to be accepted as an assignment of rents, when the assignor herself does not hold the leases, and can only claim the benefit of them by virtue of an ownership which she still retains in her own hands.

Our conclusion is, that the plaintiff was not injured by the instruction which resulted in a verdict against him, and that the judgment must be affirmed with costs.

The other Justices concurred.