GEIB v. GRAHAM.

1. JUDGMENT—RES JUDICATA—ATTORNEY FEES.
   The decision of court made in previous case wherein it was sought to have attorney fees fixed and distribution of impounded funds is *res judicata* of attorney's rights in action of assumpsit for attorney fee against a party against whom like claim had been previously made and determined adversely to him.

2. TRIAL—DIRECTED VERDICT AT CLOSE OF PLAINTIFF'S OPENING.
   In directing a verdict for defendant at the close of plaintiff's opening statement, the trial court does not deprive plaintiff of his day in court where, even if all evidence offered is assumed to have been received, the plaintiff would fail to make a case.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 7, 1942. (Docket No. 43, Calendar No. 41,797.) Decided February 11, 1942. Rehearing denied March 17, 1942.

Assumpsit by Fred P. Geib against Annie Graham for an attorney's fee. Order entered dismissing case on motion. Plaintiff appeals. Affirmed.

*Fred P. Geib, in pro per.*

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

BUSHNELL, J. Plaintiff, Fred P. Geib, prosecuted to successful conclusion a claim against the city of Grand Rapids, as a result of which defendant, Annie Graham, recovered a large sum of money. See *Smith* v. *City Commission of Grand Rapids,* 281 Mich. 235; *Wylie* v. *City Commission of the City of Grand Rapids,* 293 Mich. 571; *Wylie* v. *City Commission of the City of Grand Rapids (In re Geib),* 297 Mich. 365. He now seeks to recover additional compensation from the defendant despite our finding in *Re Geib,* which was a part of our determination in the last *Wylie Case* just cited. The circuit judge, being of the opinion that the entire matter had been fully determined in *Re Geib,* entered an order dismissing plaintiff's action with prejudice. Mr. Geib seeks reversal on the ground that, since he had demanded a trial by jury, the court erred in dismissing his cause before taking proofs. He argues that he was thereby deprived of his day in court.

We cannot agree with Mr. Geib's contention. The proceedings last had in this chain of litigation included his claim for attorney fees. Our opening statement in *Re Geib, supra,* was:

"This proceeding is one for the purpose of fixing the amount of attorney fees and distribution of funds impounded by the trial court."

We expressly passed upon the questions of both an implied and express contract, saying:

"Our review of this record satisfies us that the facts and circumstances of the instant case wholly negative any implied contract on the part of either Annie Graham or the Thomas Graham estate that payment towards Mr. Geib's fees or expenses should be made out of the fund decreed to each of these two litigants. An express contract is not claimed."

Mr. Geib cannot successfully argue that *In re Geib, supra,* is not *res judicata,* but relies upon his claimed right to present all of his case before an order of dismissal can properly be entered. He cites our recent decision in *Brachman* v. *Hyman,* 298 Mich. 344. That case is distinguishable. There it was alleged that the prior judgment in a mandamus action, which was said to be controlling and *res judicata,* was procured as a part of a fraudulent conspiracy.

Determination of plaintiff's claim that he was deprived of his day in court is controlled by the principle enunciated by Mr. Justice Cooley in *Spicer* v. *Bonker,* 45 Mich. 630. In that case a verdict was directed for defendant immediately after plaintiff's counsel had concluded his opening statement. This court said:

"But if he observes due care, the circuit judge commits no error in taking the course that was adopted here. The plaintiff's opening is in the nature of an offer of proofs, and the circuit judge directs a verdict for the defendant because, assuming the proofs to have been received, they fail to make a case. The trial is thereby shortened, and no wrong is done to any one. The circuit judge has an undoubted right, in any case, to advise the jury to return a verdict for the defendant, when the plain-

tiff gives or offers no evidence to establish any necessary part of his case. *Kelly* v. *Hendrie,* 26 Mich. 255.''

Any evidence that Mr. Geib might be able to produce cannot change the nature of his action. We decided the issues here presented in *Re Geib, supra,* and our determination there is *res judicata* here.

The order dismissing plaintiff's cause ''with full prejudice'' is affirmed. Costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.