EASLEY *v.* MORTENSEN.

1. Contracts—Consideration—Promise—Representation.

Statement, made before plaintiffs executed contract to purchase a house and gave defendant realtors an exclusive listing agreement as to hotel subject to a first mortgage and on which plaintiffs gave a second mortgage as security for down payment on house, that plaintiffs should not worry about foreclosure of the first mortgage as they would have a year in which to redeem and defendants would have the hotel sold by that time, *held*, not to constitute an express promise by defendants to do anything supported by a consideration, but only a representation and expression of defendants' belief they would be able to sell the hotel within 1 year.

2. Same—Past Consideration.

The purchase of a house by plaintiffs and the giving of an exclusive listing agreement of a mortgaged hotel property to defendant realtors constituted but past consideration and was insufficient to support defendants' alleged promises thereafter made that they would raise the money to pay off the mortgage after foreclosure proceedings had been commenced.

3. Same—Consideration—Foreclosure of Mortgage.

The placing of a copy of foreclosure notice of first mortgage on hotel in the hands of defendant realtors who had taken a second mortgage to vendors of house sold to plaintiffs as security for down payment thereon when they also gave defendants the exclusive listing agreement for sale of the hotel property did not constitute consideration for such past acts by plaintiffs, since it constituted no control over the right or power of plaintiffs to redeem.

---

References for Points in Headnotes

[1–4] 55 Am Jur, Vendor and Purchaser §§ 23–26.
[5, 6] 53 Am Jur, Trial §§ 371–381.
Direction of verdict on opening statement of counsel. 129 ALR 557.

4. SAME—CONSIDERATION—SELF-IMPOSED INACTION.

    The self-imposed inaction of plaintiff mortgagors in not attempting to raise money from other sources to redeem mortgage on hotel property did not constitute a consideration for defendant realtors' unfulfilled promises to raise the money for such purpose, such latter promises being mere gratuities.

5. TRIAL—OPENING STATEMENT—DIRECTED VERDICT.

    A trial court may grant a defendant's motion for directed verdict at the conclusion of plaintiffs' opening statement, where that statement shows that the plaintiffs have no cause of action or right to recover.

6. SAME — CONTRACTS — CONSIDERATION — OPENING STATEMENT — DIRECTED VERDICT.

    Plaintiffs' cause of action on alleged contract with defendant realtors was properly dismissed at the close of plaintiffs' opening statement, where plaintiffs failed to show a valid consideration for defendants' alleged promises.

Appeal from Muskegon; Fox (Noel P.), J. Submitted January 11, 1963. (Calendar No. 32, Docket No. 49,816.) Decided May 9, 1963.

Action by Peter M. Easley and Sarah P. Easley against R. G. Mortensen and Steve Sieradzki for breach of contract to protect hotel property from mortgage foreclosure. Cause dismissed on motion. Plaintiff appeals. Affirmed.

*Lidke & Sanford,* for plaintiffs.

*Poppen, Street & Sorensen* (*Harold M. Street,* of counsel), for defendants.

DETHMERS, J. This is a suit for breach of contract. At the conclusion of plaintiffs' opening statement to the jury the court granted defendants' motion to dismiss on the ground that plaintiffs' declaration and opening statement failed to state a cause of action. Plaintiffs did not seek to amend or add to

either when or after the motion was made. They appeal.

In their brief plaintiffs say:

"Plaintiffs' central contention is that they listed their mortgaged hotel for sale with defendant realtors, and that defendants promised, *over and above the listing agreement,* to prevent *in any event* mortgage foreclosure loss of the hotel—a promise supported by 3 different considerations."

If plaintiffs had been permitted to go to trial and had succeeded in proving the allegations of their declaration and the assertions of their counsel in his opening statement which were germane to the making and breach of an alleged contract and resulting damages, their case would have consisted of the following:

On October 31, 1958, plaintiffs were the owners of a hotel subject to a first mortgage, and defendants were realtors. On that date defendants had a house listed for sale and plaintiffs signed an offer to purchase it on condition that their hotel be sold first. On November 26, 1958, plaintiffs entered into a land contract for the purchase of the house, and executed a second mortgage on the hotel as security for the promissory note given as the down payment specified in the contract on the house purchase. This mortgage was given to defendants for delivery to the house vendors, named as mortgagees therein. In November of 1958 plaintiffs signed a listing agreement, renewed December 8, 1958, giving defendants exclusive right to sell the hotel. On the latter date the holder of the first mortgage on the hotel posted notice of foreclosure thereof, which notice plaintiffs delivered to defendants on the next day. On March 16, 1959, foreclosure sale was had under the first mortgage and the mortgagee bid in the hotel for the amount of his mortgage, setting in motion the

running of the 1-year period for redemption, to expire March 16, 1960. On March 15, 1960, plaintiffs sold the hotel for enough to cover the 2 mortgages on the hotel, totaling $5,288 in amount, which the purchaser assumed, plus $2,250 cash, which plaintiffs received. This made a total of $7,538 realized by plaintiffs from the sale of the hotel worth $18,000. For the difference plaintiffs sued defendants on the basis of the alleged contract between them, claimed by plaintiffs to have come into being as follows: On October 31, 1958, defendants told plaintiffs not to worry about the first mortgage, that if it were foreclosed they would have a year to redeem and by then defendants would have the hotel sold and the mortgage paid. On December 9, 1958, some time after plaintiffs had entered into the contract to purchase the house and after they had given defendants a listing on their hotel for its sale, defendants told plaintiffs not to worry about the first mortgage and that they would not let the mortgagee into the premises or let it go to him because they now had a second mortgage on the hotel. During the 1-year redemption period defendants repeatedly expressed certainty that they would sell the hotel and told plaintiffs not to worry about the mortgage because defendants now had too much money in the place to let the first mortgagee have it. Long after the house purchase contract had been executed and after defendants' listing agreement on the hotel had expired, at a time about 2 months before the end of the 1-year redemption period on the first mortgage foreclosure, defendants stated to plaintiffs that each of defendants, respectively, would raise his half of the amount necessary to redeem. Later, on March 8, 1960, one defendant expressed optimism about a prospective purchaser for the hotel, but said that, if the deal fell through, he would borrow money from his mother to pay off the first mortgage. On March 11th, with

only 4 days left to redeem, 1 of defendants reassured plaintiffs and led them to believe he would obtain the necessary money to redeem. The plaintiffs alleged that these statements of defendants caused plaintiffs not to seek money from other sources to redeem or pay the first mortgage. On March 15th the defendants told plaintiffs they were unable to raise the money or prevent the foreclosure from becoming final.

The trial court apparently decided the matter on the ground of lack of consideration to support defendants' alleged promises. Plaintiffs say the consideration was threefold, (1) plaintiffs' purchase of the house listed with defendants, (2) control of redemption given to defendants to protect their second mortgage interest by plaintiffs' placing in defendants' hands the notice of foreclosure posted on the premises, and (3) detriment incurred by plaintiffs by being lulled into a false sense of security, dissuading them from going elsewhere to obtain money for purpose of redeeming or paying off the mortgage indebtedness and causing them not to list the hotel for sale with another realtor after defendants' listing agreement had expired.

The only statement which plaintiffs charge defendants with having made in this connection prior to plaintiffs' entering into the contract to purchase the house on November 26, 1958, or prior to giving defendants the hotel listing agreement in November and renewing it on December 8, 1958, was that made on October 31, 1958, to the effect that plaintiffs should not worry about foreclosure because plaintiffs would have a year in which to redeem and defendants would have the hotel sold by that time. This constituted no express promise by defendants to do anything supported by a consideration either in the shape of the purchase of the house or the giving of the listing agreement, but at most amounted only to a

representation and expression of defendants' belief that they would be able to sell the hotel within 1 year. All of the later statements and so-called promises which plaintiffs ascribe to defendants were made after the contract to purchase the house had been executed and the listing had been given and had expired. If these could have served as consideration for the promises, they were, at the time the promises were alleged to have been made, past consideration which could not support the claimed promises or contract. *Shirey* v. *Camden,* 314 Mich 128; *Lister* v. *Sakwinski,* 206 Mich 121; *Rhoades* v. *Seidel,* 139 Mich 608 (18 Am Neg Rep 135).

The placing of the copy of foreclosure notice in defendants' hands gave them nothing, certainly no control over the right or power of plaintiffs to redeem. This amounted to no consideration.

The fact that plaintiffs did not attempt to raise money from other sources for redemption purposes is not alleged to have been at the defendants' request nor do plaintiffs say that they promised defendants to refrain from doing so. Their self-imposed inaction was no consideration for any promises made by defendants. Under plaintiffs' own theory defendants' alleged promises were not given in exchange for anything, but were mere gratuities.

In *Vida* v. *Miller Allied Industries, Inc.,* 347 Mich 257, 264, this Court quoted with approval the quotation in *Bean* v. *State Land Office Board,* 335 Mich 165, 176, taken from 53 Am Jur, Trial, § 373, pp 303, 304, as follows:

" ' "It is a well-established general rule, followed by the majority of the courts of this country, including the courts of the United States, that the trial court may usually direct a verdict for the defendant upon the opening statement of the plaintiffs' counsel, where that statement shows that the plaintiff has no cause of action or right to recover. The rule is

founded on the theory that the time of the court and the jury would be wasted, since the result, if the evidence were introduced, would necessarily be the same; that it would be an idle waste of time to hear evidence which could not benefit the party offering it.' "

Affirmed. Costs to defendants.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.