## AMBROSE v. DETROIT EDISON COMPANY.

### Decision of the Court.

1. Appeal and Error—Conspiracy—Invasion of Privacy—Opening Statement—Dismissal—New Trial.

New trial is granted plaintiff in action for conspiracy to inflict mental suffering and for invasion of privacy, where case had been dismissed at close of plaintiff's opening statement (GCR 1963, 507.1).

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 963.
[2, 13–17] 53 Am Jur, Trial §§ 454, 455.
[3, 6] 53 Am Jur, Trial §§ 327, 383, 384.
[4, 12, 19] 53 Am Jur, Trial § 69.
[5] 53 Am Jur, Trial § 455.
[7–9] 53 Am Jur, Trial §§ 327, 383, 384, 455.
[10, 11] 53 Am Jur, Trial §§ 327–331, 382–384.
[18, 23] 53 Am Jur, Trial §§ 327–330.
[20] 53 Am Jur, Trial § 332.
[21] 53 Am Jur, Trial §§ 332, 333.
[22] 41 Am Jur, Privacy § 33; 53 Am Jur, Trial § 3.
[24] 20 Am Jur 2d, Courts § 190.
[25] 20 Am Jur 2d, Courts §§ 70, 71.
[26] 20 Am Jur 2d, Courts §§ 70, 71, 189, 190.

DISSENTING OPINION.

KELLY, O'HARA, BRENNAN, JJ.

2. TRIAL—OPENING STATEMENT—COURT RULES.

   *Court rule providing for opening statement at trial requires that in opening statement plaintiff must state a cause of action by reference to facts he intends to prove (GCR 1963, 507.1).*

3. SAME—OPENING STATEMENT—FAILURE TO STATE CAUSE OF ACTION—DISMISSAL OF CASE.

   *Trial court may dismiss a case at the close of plaintiff's opening statement to the jury, under proper circumstances, if the pleadings and opening statement fail to state a cause of action (GCR 1963, 507.1).*

4. SAME—OPENING STATEMENT—OFFER OF PROOFS.

   *An opening statement is in the nature of an offer of proofs (GCR 1963, 507.1).*

5. SAME—OPENING STATEMENT—JURY.

   *Trial judge has discretion to decide whether the jury has heard a full and fair statement of the case in the plaintiff's opening statement (GCR 1963, 507.1).*

6. SAME—DISMISSAL—DAY IN COURT.

   *The dismissal of a case at the close of the plaintiff's opening statement to the jury does not deprive the plaintiff of his day in court, but trial courts should be slow to exercise this power (GCR 1963, 507.1).*

7. SAME—ADVICE TO COUNSEL—OPENING STATEMENT—DIRECTED VERDICT.

   *A trial judge should inform counsel as to the points in which he has failed to state a case before dismissing a case upon an opening statement (GCR 1963, 507.1).*

8. MOTIONS—DISMISSAL—FAILURE TO STATE CAUSE OF ACTION—OPENING STATEMENT—DISCRETION OF COURT.

   *Granting a motion to dismiss is not an abuse of judicial discretion, when the complaint does not state a cause of action, or states a cause only in terms of legal conclusions, and the opening statement does not supply the missing factual allegations (GCR 1963, 507.1).*

9. TORTS—CONSPIRACY—MENTAL SUFFERING—INVASION OF PRIVACY—OPENING STATEMENTS.

   *Dismissal at end of plaintiff's opening statement of action for conspiracy intentionally to inflict mental suffering and for*

*invasion of privacy, brought by former employee against
corporate employer and some of its officers, is affirmed, where
it is not shown to have been an abuse of discretion by the
trial court to order dismissal because of failure to state a
cause of action (GCR 1963, 507.1).*

SEPARATE OPINION.

DETHMERS, C. J., and T. M. KAVANAGH, SOURIS, ADAMS, JJ.

10. APPEAL AND ERROR — OPENING STATEMENT — CONSPIRACY — DISMISSAL.

*Dismissal of plaintiff's cause for conspiracy intentionally to inflict mental suffering and for invasion of privacy, brought by former employee against corporate employer and some of its officers at conclusion of his opening statement on the ground that his statement was legally insufficient to entitle him to a jury trial, was not error, where his opening statement included all of the ultimate facts proposed to be proved and essential to the cause of action he had pleaded, and did not refer to any fact which would, as a matter of law, bar plaintiff's action (GCR 1963, 507.1).*

11. SAME—PLEADING—OPENING STATEMENT—CROSS-APPEAL.

*Defendants in action for conspiracy to inflict mental suffering and for invasion of privacy, who succeeded in obtaining dismissal of case at close of plaintiff's opening statement, may not attack sufficiency of plaintiff's pleading, where sufficiency had been sustained by trial judge and no cross-appeal was taken (GCR 1963, 507.1).*

12. TRIAL—OPENING STATEMENTS.

*Opening statements are not subject to the hypertechnical insistence upon legal form applied in measuring the adequacy of a pleading (GCR 1963, 507.1).*

13. SAME—PLEADING—OPENING STATEMENT—COURT RULE.

*Court rule requires the attorney in his opening statement to make a full and fair statement of the facts he intends to prove, but does not require him to read to a jury the pleaded allegations of his cause of action or their detailed equivalent (GCR 1963, 507.1).*

14. SAME—JURY—OPENING STATEMENT.

*Opening statement by an attorney should describe, primarily for the jury's benefit, the very general nature of the client's case (GCR 1963, 507.1).*

15. SAME—OPENING STATEMENT.

> Opening statements permit time and necessity only for a statement of the ultimate facts proposed to be proved (GCR 1963, 507.1).

16. SAME—OPENING STATEMENT—EVIDENCE.

> Opening statement should call the attention of the jury to the salient points, and what the attorney expects to establish, and not repeat to the jury the evidence by which he expects to prove the points claimed (GCR 1963, 507.1).

17. SAME—OBJECT OF OPENING STATEMENT.

> The object of the opening statement is to assist the jury to understand the testimony as it is introduced and the bearing it has on the issues involved (GCR 1963, 507.1).

SEPARATE OPINION.

BLACK, J.

18. TRIAL—OPENING STATEMENT—MOTIONS.

> Plaintiff's opening statement in action for conspiracy to inflict mental suffering and for invasion of privacy was sufficient to require the reception of the plaintiff's admissible proofs up to the point of resting his case, where plaintiff's cause as pleaded and developed by the taking of pretrial depositions was sufficient to withstand a motion to dismiss and a motion for summary judgment (GCR 1963, 117).

19. SAME—OPENING STATEMENT—MOTIONS.

> The opening statement of counsel is intended to do no more than inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence.

20. SAME—DIRECTED VERDICT—CONSTRUCTION OF OPENING STATEMENT.

> Plaintiff is entitled to the benefit of all inferences that may be drawn from his opening statement in considering a motion by defendant for directed verdict based on it.

21. SAME—OPENING STATEMENT—NO CAUSE OF ACTION—DIRECTED VERDICT.

> To warrant the court in directing a verdict for defendant upon the plaintiff's opening statement it is not enough that the statement be lacking in definiteness but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists.

22. SAME—DAMAGES—CONSPIRACY—MENTAL SUFFERING—INVASION OF PRIVACY.

*Action by former employee against corporate employer to recover damages for a conspiracy intentionally to inflict mental suffering and for invasion of privacy is not a situation where a case or defense can be judged for legal sufficiency without a testimonial trial.*

23: SAME—DUE PROCESS—EVIDENCE—OPENING STATEMENT—DISMISSAL.

*Dismissal of cause granted by trial court at conclusion of plaintiff's opening statement on ground that statement consisted of conclusions and not facts and failed to state a cause of action was a denial of due process where plaintiff's cause as pleaded and developed by the taking of pretrial deposition was sufficient to withstand a motion to dismiss and a motion for summary judgment (GCR 1963, 117).*

24. COURTS—OPINIONS—PRECEDENTS.

*General expressions in every opinion are to be taken in connection with the case in which those expressions are used, and if they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent case when the very point is presented for decision.*

25. SAME—OPINIONS—REASONING—CONCLUSIONS.

*The reasoning in an opinion is not that of the court, but of the judge who prepares and delivers it, but the conclusion arrived at and announced upon the several questions discussed and essential to a proper disposition of the case is that of the court, and in concurring in such conclusions it is not generally supposed or understood that everything contained or said in the opinion is thereby unqualifiedly and unquestionably adopted as the opinion of the court.*

26. SAME—OPINION—DECISION.

*The opinion and decision of a court must be read and examined as a whole in the light of the facts upon which it was based.*

Appeal from Court of Appeals, Division 2, Lesinski, C. J., McGregor and T. G. KAVANAGH, JJ., affirming Oakland; Thorburn (James S.), J. Sub-

mitted November 5, 1967. (Calendar No. 9, Docket No. 51,671.) Decided April 1, 1968.

5 Mich App 328, reversed.

Complaint by Joseph S. Ambrose against Detroit Edison Company, a New York corporation, and others, to recover damages resulting from alleged conspiracy to inflict mental suffering and for invasion of privacy. Defendants' motion to dismiss at conclusion of plaintiff's opening statement granted. Dismissal affirmed by Court of Appeals. Plaintiff appeals. Reversed, and new trial granted.

*Renfrew, Edberg & Baldwin,* for plaintiff.

*Fischer, Sprague, Franklin & Ford (Edward B. Harrison* and *Leon R. Jones,* of counsel), for defendants.

BRENNAN, J. (*dissenting*). The sole question in this appeal is the propriety of granting a defendants' motion to dismiss at the conclusion of the plaintiff's opening statement. The decision below rested on the trial court's finding that the opening statement consisted of conclusions and not facts and failed to state a cause of action. The action of the trial judge in granting dismissal was affirmed by the appellate Court, 5 Mich App 328, and this Court granted leave because the subject of the role of an opening statement is of general interest.

Plaintiff maintains that it is not necessary to state all of the elements of a cause of action in an opening statement. Plaintiff contends that the function of the opening statement is to inform the jury of what they are about to hear, rather than to give notice to the defendant of what will be proven.

GCR 1963, 507.1, provides:

"Before the introduction of any evidence, the attorney for the party who is to commence the evidence shall make a full and fair statement of his case and the facts he intends to prove. Immediately, thereafter, or immediately prior to the introduction of evidence by the adverse party, the attorney for the adverse party shall make a like statement. The opening statements may be waived with the consent of the court and opposing counsel."

We hold that this court rule requires a plaintiff to state a cause of action by reference to the facts he intends to prove. In its opinion, the Court of Appeals stated, at pp 332, 333:

"It is an old and honored precedent in Michigan that under proper circumstances, the court may dismiss a case at the close of plaintiff's opening statement to the jury, if the pleadings and opening statement fail to state a cause of action. *Spicer* v. *Bonker* (1881), 45 Mich 630. The actions of the circuit court were commented on by COOLEY, J., as follows (p 633):

" 'But if he observes due care, the circuit judge commits no error in taking the course that was adopted here. *The plaintiff's opening is in the nature of an offer of proofs,* and the circuit judge directs a verdict for the defendant because, assuming the proofs to have been received, they fail to make a case. The trial is thereby shortened and no wrong is done to any one.' "    (Emphasis supplied.)

It is, therefore, within the discretion of the trial judge to decide whether the jury has heard a full and fair statement of the case in the plaintiff's opening statement. Although a dismissal based on this ground does not deprive the plaintiff of his day in court, *Geib* v. *Graham* (1942), 300 Mich 534, 535, trial courts should be slow to exercise this

power. As stated in *Haynes* v. *Maybury* (1911), 166 Mich 498, 503, "before directing a verdict upon an opening statement, the counsel should be informed as to the points in which he has failed to state a case."

The practice followed by the trial judge in this case is to be commended. There can be no doubt of his proper exercise of judicial discretion. Upon a reading of the full transcript, it is evident that the court did everything in its power to allow the plaintiff to present a proper claim based on facts supporting his legal proposition. On December 3, 1965, the trial court, upon denying without prejudice defendants' motion for summary judgment, placed the plaintiff on notice as to the conclusionary nature of his pleadings and cautioned him that he would have to recite in his opening statement those facts which he intended to prove and which, if true, would support his conclusions. The court warned the plaintiff that an inadequate opening statement would result in dismissal. Again, at the trial, the court exhorted plaintiff seven times to amend his opening statement and supply the missing factual allegations. The court supplied a transcript of the opening statement to the plaintiff to show this deficiency and even gave specific examples of suggested amendments to cure it. Yet no effort was made to amend or to expand the opening statement.

As to the inadequacy of the opening statement, we are in agreement with the Court of Appeals. Nowhere does there appear any recital of facts as to the time, place, and nature of the agreement or conspiracy alleged. When the complaint does not state a cause of action, or states a cause only in terms of legal conclusions, and the opening statement does not supply the missing factual allegations, it is no

abuse of judicial discretion to grant a motion to dismiss.

Judgment should be affirmed, costs to defendants.

KELLY and O'HARA, JJ., concurred with BRENNAN, J.

SOURIS, J. (*for reversal*). There is a misapprehension about the nature of this case, expressed in the Court of Appeals' opinion (5 Mich App 328) and implied in Mr. Justice BRENNAN's opinion on this appeal, which should be noted at the outset. Dismissal of plaintiff's cause at conclusion of his opening statement was not based upon inadequacy of his pleadings, as asserted by defendants in their motion to dismiss; rather, dismissal was ordered solely because the circuit judge concluded that plaintiff's opening statement was legally insufficient to entitle him to a jury trial of his claim that the individual defendants had formed and participated in a conspiracy and that they were acting within the scope of their authority as employees of, or with the authority of, the corporate defendant. The legal adequacy of plaintiff's pleadings had been tested by motion before the case was called for trial and had been sustained by the circuit judge. Furthermore, immediately before and after plaintiff's opening statement defendants renewed their attack upon his pleadings by a series of motions. In denying these motions, on the very day he dismissed plaintiff's cause for legal insufficiency of plaintiff's opening statement, the circuit judge ruled, twice, that plaintiff properly had pleaded a single conspiracy. Defendants did not proceed by cross-appeal from these rulings and, therefore, are not entitled to urge now that plaintiff's pleadings were deficient.

This appeal, therefore, properly involves only the adequacy of plaintiff's opening statement to take

him to a jury decision of his pleaded cause. As I
read my Brother Brennan's opinion, he concludes
that no opening statement is adequate unless it re-
cites all of the facts intended to be proved which are
essential to the statement of plaintiff's cause of
action. He reaches this result, as I read his opinion,
by equating the requirement of GCR 1963, 507.1
that plaintiff "make a full and fair statement of his
case and the facts he intends to prove" with his own
conclusion that this "requires a plaintiff to state a
cause of action by reference to the facts he intends
to prove" (*supra*, at p 451). I cannot agree that
opening statements, in this State, are subject to such
hypertechnical insistence upon legal form equal to
that we apply in measuring the adequacy of a
pleading.

The rule contains two separate requirements. The
first is that the attorney shall make a full and fair
"statement of his case". The second is that he shall
make a full and fair statement of "the facts he in-
tends to prove". I cannot read into this rule a
requirement that virtually would compel an attorney
to read to a jury the pleaded allegations of his cause
of action or their detailed equivalent.

An attorney's primary audience at this stage, while
it includes opposing counsel and the judge, normally
is a jury of the vicinage. His purpose is to paint
with a broad brush and with quick, simple strokes a
word outline of his case, not to belabor the pleaded
obvious with meticulous care for the fatal distinction
between, for example, "the" proximate cause and "a"
proximate cause. In short, the rule's first require-
ment simply means that an attorney's opening state-
ment should describe, for the jury's benefit primarily,
the very general nature of his client's case. To be
accomplished effectively before a jury, it must be
done in simple language a jury likely will understand,

and that is not the language appropriate for use when the technical requirements of stating a cause of action must be met.

The rule's second requirement, that the attorney make a full and fair statement of the facts he intends to prove, simply cannot mean that he *must* bore his jurors with a minutely complete recital of, for example, the "facts as to the time, place, and nature of the agreement or conspiracy alleged" (*supra,* at p 452). The time for evidentiary facts is later, during the evidentiary part of the trial and not through the lips of the attorney. In the opening statement, on the other hand, there is time and necessity only for the ultimate facts proposed to be proved, the fact that the parties conspired, not that they assembled on a specified date, at a specified place, for a specified purpose.

It is true he must offer to prove, to use the analogy suggested by Justice COOLEY in *Spicer* v. *Bonker* (1881), 45 Mich 630, and quoted by Justice BRENNAN, all of the essential factual elements of his pleaded cause, but certainly not in evidentiary detail. Thus, in *Jones* v. *Hicks* (1960), 358 Mich 474, 479, also cited by Justice BRENNAN, our majority upheld a dismissal on motion on alternative grounds, one of which was that plaintiff's opening statement failed even to refer to a pleaded collusive agreement which was an essential element of plaintiff's cause of action. See, also, *Easley* v. *Mortensen* (1963), 370 Mich 115. In addition, he risks dismissal of his cause if, in his opening, he fails to offer proofs which would obviate what otherwise would bar his action, for example, a prior adjudication of the cause, as in *Geib* v. *Graham* (1942), 300 Mich 534, upon which Justice BRENNAN also relies.

Over 90 years ago, in the days of Justices COOLEY, CAMPBELL, MARSTON, and GRAVES, this Court stated

the purpose and scope of an opening statement in these words:

"The rule (62) ordained by this Court for the circuit courts in regard to an opening statement, is especially meant to guard against surprise and deception and to promote fairness. And when it declares that 'it shall be the duty of the plaintiff's counsel, before offering evidence to support the issue on his part, to make a full and fair statement of his case and of the facts which he expects to prove,' it indicates very distinctly the extent of both right and duty. It draws a line between 'evidence' and 'facts,' and contemplates a 'fair' statement of the 'facts' expected to be 'proved' before putting in the testimony or 'evidence' by which these 'facts' are expected to be 'proved.'   *   *   *

"The text books in this country which deal with the subject are distinctly agreed concerning the end and scope of this opening address. They all represent it as a proceeding prefatory to putting in evidence, and as one practically necessary to make an advance exhibit of the legal nature of the controversy and its salient peculiarities, and enable the judge, jury and opposing counsel to apprehend the necessities of the plaintiff's case and correctly understand the drift and bearing of each step and each offer of proof as it shall occur subsequently. And considering that its office is to afford preliminary explanation, that it is to precede proofs and precede controversy before the jury, and is not to embody or convey proof or prepossess the jury, they unite in substantially denying the right to make use of it to get before the jury a detail of the testimony expected to be offered, and especially any not positively entitled to be introduced, and deny the right to use it as a cover for any topics not fairly pertinent. A brief summary or outline of the substance of the evidence intended to be offered, with requisite clear and concise explanations, are considered proper. But a relation of expected oral testimony at length,

or a reading of expected documentary proofs at
large, or any other course fitted to mislead the triers,
should not be tolerated.  Of course there may be
cases and instances where a statement of the evidence
itself, or a reading of a paper, may be convenient
and harmless.  Such, however, must be exceptional,
and not within the spirit of the general requirement.
Green's Practice, § 443, pp 135, 136; 1 Burrill's Prac-
tice (2d ed), p 234; 3 Wait's NY Practice (1st ed,
1874), pt 8, chap 2, § 12, p 86; 1 Tiffany & Smith NY
Practice (1st ed, 1864), chap 25, p 553; Puterbaugh's
Ill Pleading & Practice (2d ed), p 589; 3 Bouvier's
Institutes, pp 333, 334.  See, also, 1 Archbold Prac-
tice (Am ed, 1838), p 191; 3 Chitty's General Prac-
tice, p 878 *et seq.*; 2 Broom & Hadley Commentaries
(Am ed), pp 264, 265; *Ayrault* v. *Chamberlain*
(1860), 33 Barb (NY) 229." *Scripps* v. *Reilly*
(1877), 35 Mich 371, 387–389.

A few years later, in *Zucker* v. *Karpeles* (1891),
88 Mich 413, 420, this Court put the matter this way:

"We do not think it proper for counsel in opening
to the jury to enter into a detailed statement of the
testimony by which he expects to substantiate the
facts of his case.  He should call the attention of the
jury to the salient points, and what he expects to
establish, and not repeat to the jury the evidence by
which he expects to prove the points claimed; the
object of the opening being to assist the jury to
understand the testimony as it is introduced, and the
bearing it has upon the issues involved.  We think,
when counsel confine themselves to these objects,
they will find no disposition upon the part of the
courts to interfere with their opening.  *Fosdick* v.
*Van Arsdale,* 74 Mich 304, 305."

We have not changed pertinently the language of
the rule quoted in *Scripps, supra,* nor have we, in
the interim since *Scripps* and *Zucker,* changed the
purpose or permitted scope of opening statements.

In this case of Ambrose, plaintiff's opening included all of the ultimate facts proposed to be proved and essential to the cause of action he had pleaded; accordingly, it is our judgment the circuit judge erred in dismissing this cause for the reasons he stated. The opening statement did not refer to any fact which would, as a matter of law, bar plaintiff's action. The fact that it did not recite facts as to the time, place and nature of the agreement or conspiracy alleged beyond stating that it existed and continued from and after a specified year, does not merit our affirmance of the circuit judge's dismissal of this cause as suggested by Justice Brennan.

The circuit judge's judgment of dismissal should be reversed and this cause remanded for new trial. Plaintiff should be allowed to tax his costs.

Dethmers, C. J., and T. M. Kavanagh and Adams, JJ., concurred with Souris, J.

Black, J. (for reversal). We review affirmed grant of defendants' motion for entry of quick judgment of this common-law action for damages arising out of an alleged conspiracy (Ambrose v. Detroit Edison Co. [1966], 5 Mich App 328). True, the motion was not made under the auspices of GCR 1963, 117. It was nonetheless the common-law equivalent of such a motion, even more "summary" than that other during-trial motion which trisected the Court to "no precedent" in Weeren v. Evening News Ass'n. (1967), 379 Mich 475.[1]

---

[1] For summary procedure purposes, this action cannot be distinguished either from Weeren or Durant v. Stahlin, et al. See Durant v. Stahlin (Appeal in re King, Bashara, Merrell, and Waldron), (1964), 374 Mich 82; Zimmerman v. Stahlin (1964), 374 Mich 93; Durant v. Stahlin (Appeal in re Van Dusen, Elliott, Romney) (1965), 375 Mich 628; Durant v. Stahlin (Appeal in re Brucker) (1965), 375 Mich 665.

In *Weeren*—also in the first of the *Durant Cases* cited *ante*—I wrote critically against this business of hurried justice for common-law damage actions which depend exclusively upon the sufficiency of proof (not yet adduced) and upon the uncertainties of human memory and the communication thereof from the witness stand. Now I write that if this plaintiff's cause as pleaded and developed by pretrial depositions (under GCR 1963, 306 and interrogatory answers forced by GCR 1963, 307) was sufficient to withstand one motion to dismiss in 1962 and another for summary judgment in 1965, and it was, then plaintiff's opening statement—just for constitutional reasons—required the reception before the jury of plaintiff's admissible proofs, up to the point of resting of his case.

It matters not to some of the Brethren—else they would meet openly rather than ignore warily—that this simply is *not* the kind of lawsuit which can be judged summarily or peremptorily. The pleadings considered, it is *not* even the kind which could have been dismissed upon motion and with prejudice according to the practice of the common law or the practice authorized by former Court Rule 18 (1931 and 1945). To be specific, with the cited and discussed cases lying open on the table, it is *not:*

An action "for money had and received by defendant to the plaintiff's use" which pivots upon a written instrument (*Spicer* v. *Bonker* [1881], 45 Mich 630), 633 ;[2]

---

[2] In *Spicer* the plaintiff's case depended wholly upon an alleged instrument of assignment which the Court found did not assign to plaintiff what he claimed. The instrument appears at page 634 of *Spicer's* report:

"For a valuable consideration I, Mrs. O. M. Spicer, have this 29th day of May, 1878, assigned over all the use of the brick and wooden buildings, also the brick hardware store, all in the village of Eaton Rapids, Michigan, known as the property bought of John T. Sweezey, on the 14th day of May last, to Frederick Spicer, for his use and benefit.

Spicerville, May 29th 1878          Mrs. O. M. SPICER."

Or an action on the case which the opening statement shows is barred by limitation (*May* v. *Wilson* [1910], 164 Mich 26);

Or a case where the plaintiff's alleged right of action for fraud has been previously adjudicated (*Parkyn* v. *Ford* [1919], 206 Mich 576);

Or a will contest (*In Re Bailey's Estate* [1921], 213 Mich 344);

Or an action where the plaintiff failed to state a right of action under the guest passenger act (*Gifford* v. *Dice* [1934], 269 Mich 293);

Or a suit in assumpsit to recover an attorney's fee (*Geib* v. *Graham* [1942], 300 Mich 534);

Or an equity action to set aside tax assessments (*Bean* v. *State Land Office Board* [1952], 335 Mich 165);

Or an action in assumpsit and on the case arising out of the claimed illegality of a contract which was nonexistent (*Vida* v. *Miller Allied Industries, Inc.*, [1956], 347 Mich 257);

Or a right of action (by a claimed assignee) which 5 members of the Court ruled was not lawfully assignable (*Jones* v. *Hicks* [1960], 358 Mich 474);

Or an action for sums due upon promissory notes (*Frischman* v. *Robinson* [1961], 363 Mich 624);

Or an action for breach of a contract to protect property from mortgage foreclosure (*Easley* v. *Mortensen* [1963], 370 Mich 115);

Or, for that matter, an action as in bellwether *Oscanyan* v. *Winchester Repeating Arms Company* (1880), 103 US 261 (26 L ed 539), where the plaintiff's opening statement admittedly showed that he was suing upon a contract (corrupt as the Supreme Court ruled) for payment of commissions upon successive sales of Winchester arms and cartridges to a foreign government, which sales had been "effected through his [plaintiff's] influence."

Unlike the actions considered above, this case is kin of the blood to damage actions where the burden-bearer's case or defense cannot be judged for legal sufficiency without a testimonial trial thereof.    I think the distinction was made clear in the *Durant Cases* and *Weeren,* all *supra,* and in two other cases which should not be unfamiliar to this Court. I refer to *Ballinger* v. *Smith* (1950), 328 Mich 23 (the latest direct instance of reversal by this Court of a directed verdict upon the plaintiff's opening statement, the suit being in negligence), and *Best* v. *District of Columbia* (1934), 291 US 411 (54 S Ct 487, 78 L ed 882) (similarly the Supreme Court's latest word respecting the practice now in discussion, the suit also being cast in negligence).    Let *Ballinger* unanimously speak to us through former Justice CARR, not exactly an enemy of the practice of directing verdicts against plaintiffs in negligence (pp 35, 36):

"In the case at bar plaintiff's declaration and the opening statement by her attorney set forth the claim that defendants' trailer was on the shoulder of the road, that the shoulder was of such construction as to be suitable for vehicular traffic, and that it was in fact a part of the highway.    Counsel also said that motor vehicles using the highway drove upon this shoulder, raising dust to such an extent as to constitute a hindrance to vision.    Considering the situation disclosed by the pleadings, and counsel's statement as to what the proofs on the part of the plaintiff would show, we do not think it can be said, as a matter of law, that defendants did not violate the statute by permitting the trailer to remain without lights at the time and place where it was struck by the automobile in which plaintiff was riding.

"We think that plaintiff is entitled to put in proofs relating to the situation existing at the time of the accident.    If this is done the specific question at issue may be for determination as a factual matter, or, if there is no dispute as to the facts, for determina-

tion by the court as a legal proposition. See *Stock-fisch* v. *Fox*, 275 Mich 630; *Buttermore* v. *Faleris*, 304 Mich 294; *Shaver* v. *Associated Truck Lines*, 322 Mich 323. The evidence in the case may also require determination of plaintiff's claim based on the alleged negligence of defendants in leaving the trailer in such proximity to the pavement as to be dangerous to traffic on the highway. *Hommel* v. *Southwestern Greyhound Lines* (Tex Civ App 1946), 195 SW2d 803.

"On the record before us the cause must be remanded to the circuit court, with directions to set aside the judgment entered and to grant a new trial."

In *Best* the Supreme Court started its discussion of our question by paying respect to 1881 *Oscanyan, supra.* Then the Court went on to advise that different considerations apply when a common-law action for damages is brought to bar and the plaintiff's opening statement "leaves doubt as to the facts or permits conflicting inferences." (pp 415, 416 [54 S Ct 487, 489, 78 L ed 882, 885]):

"The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced. *Oscanyan* v. *Winchester Repeating Arms Company*, 103 US 261, 263 (26 L ed 539, 541). The exercise of this power in a proper case is not only not objectionable, but is convenient in saving time and expense by shortening trials. *Liverpool, N. Y. & P.S.S. Co.* v. *Emigration Commissioners*, 113 US 33, 37 (5 S Ct 352, 28 L ed 899, 900). But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. Where uncertainty arises either from a conflict of testimony or because, the facts being undisputed, fair-minded men may honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. *Richmond & D. R. Co.* v. *Powers*, 149 US 43, 45 (13 S Ct 748, 37 L ed 642, 643); *Texas & P. R. Co.* v.

*Harvey,* 228 US 319, 324 (33 S Ct 518, 57 L ed 852, 856); *Gunning* v. *Cooley,* 281 US 90, 94 (50 S Ct 231, 74 L ed 720, 724). The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence. 'If a doubt exists,' said the Court in the *Oscanyan Case, supra,* 'as to the statement of counsel, the court will withhold its directions, as where the evidence is conflicting, and leave the matter to the determination of the jury.' Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness but it must clearly appear, after resolving all doubts in plaintiff's favor, *that no cause of action exists.* See *Illinois Power & Light Corp.* v. *Hurley* (CA 8), 49 F 2d 681, 684; *Stuthman* v. *United States* (CA 8), 67 F2d 521, 523." (Emphasis supplied by present writer.)

The foregoing notwithstanding, Division 2 determined "that no cause of action exists." Mistakenly as has been shown, the 3 judges of that Division relied upon wholly inapplicable *Spicer, Vida, Bean,* and *Geib,* all *supra,* without having considered the nature of the actions presented in those cases and the traditional reasons for withholding peremptory instruction in tort cases until the plaintiff's counsel has advised the trial judge, "That is my case your honor; the plaintiff rests."

Now if it is necessary to frame precisely the present issue of disagreement, I will freely own—the present record considered—to dim view of this plaintiff's prospect of surviving *any* motion by *any* defendant for an instructed verdict should he, the plaintiff, be permitted to present and conclude his case before a jury. But of what worth is that pre-

monition at this stage of one's supposed but curtailed day in court? Yes, the chances are that it would turn out according to our necessarily provisional estimate. But that judicial bet of accurate judgment furnishes no reason for denying the process that is due, or for ordering an early riddance result. I leave that kind of errantly streamlined justice to others, noting only from trial experience that some of us have seen damage actions, due by all appearances for defeat by directed verdict, turn into issues for jury consideration by the unexpected and ever unpredictable turns of testimonial proof.

Once and again this happens when the intended mover for a directed verdict badgers rashly some witness who finally blurts out an answer that witness has previously cringed from utterance. Occasionally it occurs when a witness is discovered and brought to the stand after the testimonial presentation has begun. But in most common-law actions it comes into being on account of permissible and conflicting inferences the law says juries may, *in proper instance* tested by motion at close, draw from the spoken word. In such proper cases, and I think this is one, inferences such as *Ballinger* and *Best* considered cannot possibly be tested for jury consideration until the burden-bearer's proof—all of it—is in. This of course is just the old time religion of the law. It is nonetheless good enough for me.

As this latest "summary" case goes to our ever inconclusive press, I am reminded again (on account of Division 2's unguarded application of *Spicer, Vida, Bean* and *Geib*) of Chief Justice Marshall's admonition in *Cohens* v. *Virginia* (1821), 6 Wheat (19 US) 264, 399, 400 (5 L ed 257, 290) against the cursory application of context plucked passages appearing in some cited case. Preliminary in *Cohens* to distinguishing *Marbury* v. *Madison* (1803), 1

Cranch (5 US) 137, (2 L ed 60), the Chief Justice wrote:

"It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

The above was written in 1821. See its application to *Rathbun (Humphrey's Executor) v. United States* (1934), 295 US 602, 627 (55 S Ct 869, 873, 79 L ed 1611, 1618). In 1878 the COOLEY Court warned us correspondingly when then 3-year-old *Hoffman v. Beard* (1875), 32 Mich 218 was pressed as decisive of the main issue argued in *Larzelere v. Starkweather* (1878), 38 Mich 96. Said the Court (pp 100, 101):

"Some expression may be found in the reasoning in the opinion delivered in that case, which taken alone might give color to such an idea. The reasoning in an opinion is not that of the court, but of the judge who prepares and delivers it. It may or may not be considered sound and unanswerable, and as such is the subject of criticism. The conclusion arrived at and announced upon the several questions discussed and essential to a proper disposition of the case, is that of the court, and in concurring in such conclusions it is not generally supposed or understood that everything contained or said in the opinion is thereby unqualifiedly and unquestionably adopted as the opinion of the court. In the preparation of an

opinion, the facts of the case are in mind. It is prepared with reference to such facts, and when considered in connection therewith, will generally be found satisfactory. When, however, an attempt is made to pick out particular parts or sentences, and apply them indiscriminately in other cases, nothing but confusion and disaster will be likely to follow. In other words, the opinion and decision of a court must be read and examined as a whole in the light of the facts upon which it was based. They are the foundation of the entire structure which cannot with safety be used without reference to them."

I would reverse.