CROCIATA v KUKES

1. TRIAL—OPENING STATEMENT.

   An opening statement by counsel at trial is primarily for the benefit of the jury.

2. DISMISSAL AND NONSUIT—DIRECTED VERDICT—OPENING STATEMENT.

   It is not enough that a plaintiff's opening statement be lacking in definiteness to warrant directing a verdict for the defendant upon that statement; it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists.

3. DISMISSAL AND NONSUIT—DIRECTED VERDICT—OPENING STATEMENT —NONJURY CASE.

   Directing a verdict of no cause of action in favor of a defendant following plaintiff's opening statement in a nonjury case was error where the complaint alleged a cause of action, the pre-trial judge found the case to involve issues of law and fact, and where the defendant had years from the filing of suit to the date of trial in which to test the adequacy of the pleadings by proper motion for summary judgment and failed to do so (GCR 1963, 117).

4. DISMISSAL AND NONSUIT—DIRECTED VERDICT—OPENING STATEMENT.

   Seeking a directed verdict following a plaintiff's opening statement is a procedural maneuver established by tradition but not specifically recognized by court rule (GCR 1963, 515).

Appeal from Wayne, Arthur E. Higgs, J. Submitted Division 1 January 4, 1973, at Detroit. (Docket No. 13780.) Decided March 23, 1973.

Complaint by Anthony Crociata against Michael Kukes for breach of contract. Judgment for de-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 69, 452, 454.
[2–4] 53 Am Jur, Trial §§ 371–381.

fendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*Leonard H. Weiner,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Robert A. Fineman),* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and ADAMS,* JJ.

PER CURIAM. In this case, suit was filed October 16, 1969. The complaint alleges a venture entered into between plaintiff and defendant in May 1969 to organize, construct, and operate a health and athletic club; a written agreement dated July 17, 1969; and various steps taken to effect the venture. After answer and reply, plaintiff was deposed on April 22, 1970 by defendant. Pretrial was held on September 24, 1971. In his pretrial statement dated September 27, 1971, Judge David C. Vokes found: "There are issues of law and fact", and concluded:

"No party shall be deprived of his right to present competent proof at the time of trial in support of any issues raised in the pleadings unless such issues have been expressly waived at the pretrial conference and such waivers are recorded in said Summary of Results."

Trial commenced on January 31, 1972 before Judge Arthur E. Higgs. At that time trial by jury was waived. The opening statement of plaintiff's attorney alleged a venture between plaintiff and defendant and, in general, followed the allegations of the complaint. At the close of plaintiff's opening statement, defense counsel moved to dismiss plain-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tiff's case "on Mr. Bourgon's opening statement". After argument and colloquy between court and counsel and a brief recess, the court held:

"*Upon reviewing the pleadings,* the court has reached the conclusion that there was not a definite agreement reached between the plaintiff and the defendant, and because of this there would be no cause of action." (Emphasis added.)

The trial court's February 22, 1972 judgment of dismissal stated:

"The court upon defendant's motion to dismiss and the court having heard such arguments and reviewing the pleadings and being duly and fully advised in the premises and having duly deliberated upon such motion, and having rendered its decision on the record,

"IT IS ORDERED AND ADJUDGED that plaintiff's complaint be dismissed in its entirety, with prejudice, and that defendant have a judgment against plaintiff of no cause of action * * * ."

In *Ambrose v Detroit Edison Co,* 380 Mich 445; 157 NW2d 232 (1968), the nature and purpose of an opening statement are considered. The opening statement is primarily for the benefit of a jury. There was, of course, no jury in this case.

It may be well to restate the timetable of progress in this case:

| | | |
|---|---|---|
| October 16, 1969 | — | Complaint filed. |
| April 22, 1970 | — | Plaintiff deposed. |
| September 24, 1971 | — | Pretrial held. |
| January 31, 1972 | — | Case summarily dismissed on day set for trial. |

Defendant had months—years—from the filing of suit to the date of trial in which to test the adequacy of the pleadings by proper motion under GCR 1963, 117. Defendant instead sought a di-

rected verdict following plaintiff's opening statement—a procedural maneuver established by tradition, but *not* specifically recognized by GCR 1963, 515. "To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists." *Best v District of Columbia,* 291 US 411, 415–416; 54 S Ct 487, 489; 78 L Ed 882, 885 (1934).

The complaint alleges a venture entered into between the parties in May 1969. On July 17, 1969, defendant wrote a letter to plaintiff which purported to set forth a preincorporation understanding with regard to the new club. The letter stated:

"If we and our respective attorneys cannot agree on them [final papers] by July 29th, which is two (2) days prior to the election date under the Lease, then the transaction is to terminate on that day."

Paragraph 10 of plaintiff's complaint states:

"That on the morning of Monday, September 8, 1969, plaintiff, defendant and their respective attorneys, met with the landlord of the premises wherein the new Club was to be located to advise him that they were ready to go forward with the construction of the new Club, and defendant himself specifically so advised the landlord."

Paragraph 11 of the complaint avers:

"That on the afternoon of Monday, September 8, 1969, defendant went, together with plaintiff, to the office of the landlord of the premises occupied by the old Club and advised one of the officers of the landlord that he was plaintiff's partner and that the venture was going to proceed with the construction of the new Club."

The complaint finally alleges that on September 9, 1969 defendant breached the agreement to enter into a joint venture.

The merits of plaintiff's case are not presently before this Court. It is sufficient to note that the complaint alleges a cause of action and that the pretrial judge found the case to involve issues of law and fact. The trial judge erred in summarily dismissing the case.

Reversed and remanded for further proceedings.