*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-2332, A13-2413**

John Patrick Murphy, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 25, 2014**
**Affirmed**
**Smith, Judge**

Ramsey County District Court
File No. 62-K2-93-001209

Beau D. McGraw, McGraw Law Firm, P.A., Lake Elmo, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, J. Michael Richardson, Assistant County Attorneys, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and Hudson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm the district court's denial of appellant's postconviction petition and motion for recusal because the district court did not abuse its discretion.

**FACTS**

In May 2006, the district court revoked appellant John Patrick Murphy's remaining probation and executed all of his remaining sentences, committing him to prison for a total of 330 months. Murphy appealed, and we affirmed. *State v. Murphy*, No. A06-1471, 2007 WL 4390348, at \*6 (Minn. App. Dec. 18, 2007), *review denied* (Minn. Feb. 27, 2008). Murphy then petitioned the district court for postconviction relief. He also moved for recusal of the district court judge. In October 2013, the district court summarily denied Murphy's postconviction-relief petition and his motion for recusal. The chief judge of the judicial district where the district court judge sits also considered and denied the recusal motion. Murphy appealed the denial of postconviction relief through counsel. Acting pro se, he appealed the district court's denial of his recusal motion in a separate appeal. We ordered the two appeals consolidated and construed Murphy's pro se brief in the recusal matter as a supplement to the appeal filed by counsel in the postconviction-relief matter. *Murphy v. State*, No. A13-2332, A13-2413 (Minn. App. Apr. 25, 2014) (order).

**D E C I S I O N**

**I.**

"When reviewing a postconviction court's decision, we examine only whether the postconviction court's findings are supported by sufficient evidence. We will reverse a decision of the postconviction court only if that court abused its discretion." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotation omitted). A summary denial of a postconviction petition is reviewed for an abuse of discretion. *State v. Nicks*, 831

N.W.2d 493, 503 (Minn. 2013). A postconviction court is required to hold an evidentiary hearing unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). "An evidentiary hearing upon a petition for postconviction relief is not required unless the petitioner alleges such facts which, if proved by a fair preponderance of the evidence, would entitle him or her to the requested relief." *Roby v. State*, 547 N.W.2d 354, 356 (Minn. 1996). The allegations "must be more than argumentative assertions without factual support." *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn. 1995) (quotation omitted).

In his postconviction-relief petition, Murphy argued that his executed sentences should be stayed and probation reinstated because "the allegations against him in the North Dakota Courts, which [is] the underlying basis for his probation revocation in this matter, have been dismissed with prejudice." As exhibits, Murphy attached copies of two motions filed in a North Dakota district court. One is a motion to dismiss a charge of false report to law enforcement. The other is a motion to dismiss a charge of theft by deception. Both motions were granted. Murphy asserted that he is "entitled to a new probation revocation hearing and/or resentencing in light of [this] newly discovered evidence that all charges against him in North Dakota . . . were dismissed with prejudice."

The district court rejected Murphy's argument, reasoning that the probation violation was not because Murphy had been convicted of an offense. Rather, it was because Murphy had failed to inform his probation officer that he had been arrested and

that he had convicted of fleeing a police officer in addition to failing to maintain contact with his probation officer after his inadvertent release. The district court concluded that Murphy "has been unable to establish, even by the bare allegations in his petition, any facts that would be legally sufficient, if proven by a fair preponderance of the evidence, to entitle [him to] relief" and denied Murphy's petition without further hearing.

For Murphy to be entitled to a hearing on his postconviction petition, he would need to allege facts sufficient to show that he would be entitled to the relief requested and then prove those facts. *See id.* Murphy has failed to do so for three reasons. First, the prompt reporting of an arrest—regardless of whether it leads to a conviction or even being charged—was a condition of his probation. Murphy does not dispute that he failed to report his North Dakota arrests. Second, Murphy was also required to report any convictions, and does not dispute that he failed to report the North Dakota conviction for fleeing a police officer. Third, Murphy does not dispute the district court's finding that he failed to keep in contact with his probation officer after he was inadvertently released. Any one of these violations is sufficient to support a revocation decision. *See State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980) (requiring only a single willful violation of the terms of probation).

Even if Murphy's probation could be revoked only if he was *convicted* of one of the North Dakota offenses, the record still supports the probation revocation because it shows that Murphy was in fact convicted of fleeing a police officer. The two motions granted by the North Dakota court dismissed only two of the charges. Nothing in the record shows that his conviction for fleeing a police officer has been reversed, vacated, or

4

otherwise modified. Therefore, the district court did not abuse its discretion by summarily denying Murphy's postconviction petition.

## II.

Murphy's pro se brief, which states a single legal issue, includes two questions: (1) should the district court judge have recused himself based on bias and partiality and (2) should the judge have referred the recusal motion to the chief judge. "A request to disqualify a judge for cause must be heard and determined by the chief judge of the district . . . ." Minn. R. Crim. P. 26.03, subd. 14 (3). Although the answer to the second question is yes, this question is moot because the chief judge considered and denied Murphy's recusal motion. The district court notified Murphy of the chief judge's decision and filed a copy of the chief judge's order with this court. To forestall further litigation over the chief judge's denial of the recusal motion, we include the chief judge's order in the scope of our review. We have the authority to do so under Minn. R. Crim. P. 28.01, subd. 2 (providing that "the Minnesota Rules of Civil Appellate Procedure govern [criminal] appellate procedure unless these rules direct otherwise"), and Minn. R. Civ. App. P. 103.04 (permitting us to "review any other matter as the interest of justice may require").

Denial of a recusal motion is within the district court's discretion and should not be reversed absent a clear abuse of discretion. *Carlson v. Carlson*, 390 N.W.2d 780, 785 (Minn. App. 1986), *review denied* (Minn. Aug. 20, 1986). A litigant may disqualify a judge as a matter of right by making a motion before the judge presides at a trial or hearing in the matter, but otherwise, removal motions must be supported by an

5

affirmative showing of prejudice. Minn. Stat. § 542.16 (2012). "A judge must not preside at a trial or other proceeding if disqualified under the Code of Judicial Conduct." Minn. R. Crim. P. 26.03, subd. 14 (3). Under rule 2.11 of the Code of Judicial Conduct, a judge "shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including [when] [t]he judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding."

Murphy argues that his recusal motion should have been granted because the district court judge's impartiality might reasonably be questioned. Murphy asserts, among other things, that the district court judge "imposed a strict screening process" to prevent him from filing papers with the court administrator. This allegation is an apparent reference to the process imposed by a 2003 order designating Murphy as a frivolous litigant. That order is not in the record, but the district court judge referenced it in the cover letter accompanying the order denying the recusal motion. Murphy also asserts that the district court judge ignored evidence of ex-parte communications involving a different judge formerly assigned to the case and justices of the Minnesota Supreme Court, but he points to no evidence of the alleged communications. He refers to unidentified "people in the 'criminal justice system' who . . . were appalled by the rulings and sentences handed down . . . in this case" and asserts that these people "volunteered information" to him, which he included in the affidavit he filed with his recusal motion. That affidavit consists of a string of assertions of improper conduct and statements of legal authority unsupported by objective facts. Murphy's appellate counsel also

6

addressed the recusal motions in a reply brief, asserting that the district court judge could only be considered unbiased "if one ignores any common sense or reasonable understanding of human nature." But the only evidence of bias the reply brief points to is that the district court judge "has denied motion after motion."

In his order denying the recusal motion, the district court judge detailed steps he had taken to avoid the possibility of bias: he intentionally avoided reading the underlying complaint so that he could make decisions without knowing who Murphy's victims were, and had based his decisions on facts raised by Murphy. The chief judge's order simply states that Murphy "has failed to sufficiently demonstrate that [the district court judge's] impartiality might be reasonably questioned in this matter."

We conclude that Murphy's motion for recusal, and his appellate claims regarding recusal, are based not on specific instances of questionable judicial conduct, but on unfavorable judicial rulings. Adverse rulings do not support a recusal motion. *Greer v. State*, 673 N.W.2d 151, 157 (Minn. 2004). Neither the district court nor the chief judge of the district court erred by denying the recusal motion.

**Affirmed.**